WITHAM *v.* CLINTON CIRCUIT JUDGE.

APPEAL AND ERROR—CHANCERY APPEALS — TIME — EXTENSION — STATUTE—CONSTRUCTION.

> Act No. 340, Pub. Acts 1907, does not provide that a chancery appeal must in all cases be claimed before the expiration of 40 days, but section 6 of the act authorizes the court or judge to extend the time for filing a claim of appeal not exceeding one year from the filing of the decree.

Mandamus by Mary Witham to compel Kelly S. Searl, circuit judge of Clinton county, to vacate an order extending time for taking an appeal. Submitted December 10, 1907. (Calendar No. 22,607.) Writ denied December 30, 1907.

*William M. Smith,* for relator.

*Lyon & Moinet,* for respondent.

MONTGOMERY, J. The relator was granted a decree in the circuit court for the county of Clinton, in chancery, on the 1st day of August, 1907. Thereafter, on the 29th of October, 1907, the defendant in that case filed a claim of appeal, and on the same day filed a motion asking the circuit judge to extend the time for filing claim of appeal, and to extend the time for settling the testimony in the case. This motion was granted. By this application the relator seeks to raise the question of the authority of the circuit judge to extend the time for taking an appeal from a decree in chancery, the contention being that, since the taking effect of Act No. 340 of the Public Acts of 1907, an appeal must be made in all cases within the 40 days prescribed by section 2 of that act, and that no authority exists for extending the time beyond the 40 days.

The section referred to, so far as material, reads as follows:

" Any person conceiving himself aggrieved by the decree of any court in chancery may, within forty days after the filing of the decree, claim an appeal from said decree to the Supreme Court of the State of Michigan by filing a written claim of appeal with the register of the court in which the decree complained of was rendered. * * * If the written claim of appeal herein provided for is not filed with the register in chancery as aforesaid an appeal may not thereafter be taken from the decree."

The other provision which bears upon the subject is section 6 :

"The trial court or any judge thereof or the Supreme Court or any judge thereof may, upon cause shown and reasonable notice given, extend the time provided in this act for the preparation, filing or service of any papers herein provided to be prepared, filed or served : *Provided,* That the time shall not be extended for the taking or perfecting of any appeal so that more time may be consumed thereby than one year from the filing of the decree."

Counsel for relator correctly says that this section is in the nature of a proviso to section 2. The contention is, however, that if the construction which the circuit judge placed upon section 6, viz., that it confers authority to extend the time for taking an appeal, be adopted, that this rendered nugatory the last clause of section 2 above quoted. We do not think that this necessarily follows. Section 2 standing by itself relates to an appeal upon the party's own initiative. It is to be construed in connection with section 6, and, as so construed, the last clause of section 2 simply forbids an appeal after the time fixed by the statute by the party's own initiative and without an order from the court such as is provided for in section 6. There is little room to doubt what is meant by the language of section 6. It authorizes the extension of time for the preparation, filing or service of *any papers herein provided to be prepared, filed or served,* with the proviso that the time shall not be extended *for the taking or perfecting of any appeal* so that more time may be consumed thereby than one year from the filing of the decree.

The old law relating to appeals, section 551 of the Compiled Laws, provided that—

"If the appeal shall not be claimed, and such original bond filed within the time above limited therefor, no appeal shall be allowed: *Provided,* That in such case the court in which such cause shall have been heard, or the judge thereof at chambers, shall have power on special motion, and a proper showing, to grant an extension of not over forty days for taking, and perfecting such appeal," etc.

Under this statute the power to extend time has been exercised for many years. By the new act of 1907 instead of embodying these two provisions in a single section with a proviso, the substance of the same provisions is found in two sections; but the construction should not necessarily be different.

The circuit judge properly exercised the power objected to, and the application will be denied.

McALVAY, C. J., and OSTRANDER and MOORE, JJ., concurred. HOOKER, J., concurred in the result.