KLOTZ *v.* LENAWEE CIRCUIT JUDGE.

APPEAL AND ERROR — EXTENSION OF TIME TO FILE CLAIM OF
APPEAL—EQUITY PRACTICE—MANDAMUS.

It is not an abuse of discretion unwarranted by Act No. 340,
Pub. Acts 1907, for the circuit judge to extend the time for
filing a claim of appeal in chancery, in behalf of a defendant
whose attorney through an error omitted for seven months to
file and serve the notice, although he prepared the record
from the minutes obtained from the court stenographer and
otherwise perfected the appeal in time.

Mandamus by Effie Klotz to compel John L. O'Mealey,
circuit judge of Lenawee county, to vacate an order ex-
tending the time to take an appeal. Submitted January·
4, 1910. (Calendar No. 23,672.) Writ denied February
3, 1910.

*Smith, Baldwin & Alexander,* for relator.

*Theodore M. Joslin,* for respondent.

STONE, J.    This is a petition for mandamus to compel
the respondent to set aside an order made on August
23, 1909, extending the time for filing notice of appeal
and settling the testimony in a chancery case that .had
been disposed of by a decree of said court.

The petition for mandamus states that the decree was
made and filed October 22, 1908, but the return of the re-
spondent gives the date of the decree as December 15,
1908.   The order complained of was based on the affidavit
of Theodore M. Joslin, which stated that he was the
solicitor for the defendants in the said chancery cause,
and that after the announcement of the finding of the
court in said cause, and before the preparation and filing
of the decree in said cause, deponent announced to the
solicitor for complainant in said cause that he intended to

take an appeal, and immediately following the filing of
the decree he prepared a notice of appeal, and also ordered
a transcript of the testimony in said cause from the ste-
nographer of said court, but by mistake the said notice of
appeal was not filed until the month of July, 1909, and
that deponent believed that the notice of the claim of the
appeal had been served upon the complainant's solicitor,
until that time.   He further says that within 40 days
after the filing of the decree he had procured a transcript
of the testimony in said cause and had met Henry C.
Smith, one of complainant's solicitors, on a Toledo &
Western car *en route* to Toledo, and had then shown said
transcript to said Smith, and had talked with him in ref-
erence to preparing an appeal.   That deponent used rea-
sonable diligence in preparing said appeal, and that he
had prepared the same and submitted it to complainant's
solicitors; that the same constitutes over 125 pages of
typewritten matter; and that the failure to serve notice of
appeal within the statutory time was due entirely to a
mistake, and the belief that the same had been served;
that large expense had thus been incurred in securing a
transcript of the testimony and settling on appeal; and
that such defendants would be deprived of their just
rights if prevented from taking an appeal, and that said
appeal would be prepared within the next 30 days; and
that there had been no delay or laches on the part of de-
fendants, and the only reason for the failure to file said
claim of appeal in time was simply due to a mistake in not
serving after the same had been prepared.   This affidavit
was sworn to on the 13th day of July, 1909.   Motion was
made and notice of hearing thereof served, and on August
23, 1909, the respondent, after reciting the appearance of
the solicitors for the respective parties before him, ordered
as follows:

"After hearing and considering the allegations of the
parties, and the argument of counsel, and being fully ad-
vised in the premises, it is found that the said defendant's
solicitor prepared said claim of appeal within the time

provided by statute, and ordered a transcript, and prepared the testimony from the same in good faith and for the purpose of procuring a review of the same in the Supreme Court, to be settled by the court, and only learned that said claim of appeal had not been filed and served when the service of transcript and proposed testimony was served upon the solicitors for the opposite party, and it is ordered that said motion be, and the same is hereby granted, and that sixty days from this date be allowed to settle the testimony in said cause."

Thereafter the solicitors for the relator and for the complainant in said chancery cause filed a motion to vacate said order of August 23d upon the grounds:

"(1) That said proposed decree was not submitted to solicitors for complainant and they had no opportunity to examine the same, and the same contains findings of fact which there was no evidence to sustain.

"(2) That there was no legal showing to move the discretion of the court to grant such order."

The only showing was the affidavit of the solicitor for the defendants, simply showing that he omitted to file and serve the notice of appeal. His omission was simply due to a mistake in not serving; that the same had been prepared.

"(3) That the court did not exercise a legal discretion in granting the motion without a proper showing of facts sufficient to base the same upon.

"(4) Because the motion for the order was not made by defendants, the showing was not made by them."

There was no showing that they, or any of them, had been misled by any act, mistake, or failure of their solicitor.

"(5) Because under the statute the court had no authority to extend the time."

This motion came on to be heard before respondent on the 13th day of September, 1909, and was denied. The reasons for the writ of mandamus, as stated in the petition, are substantially the same as those in the motion which we have just referred to. The respondent returns

that he had no knowledge as to whether the proposed order or decree was submitted to the relator's solicitor, except that he had reasons to believe, and did believe, the statement of defendants' solicitor, Theodore M. Joslin, that he had submitted the same to relator's solicitor, Henry C. Smith. That respondent inserted in said order, when submitted to him, the words "that the action of defendant's solicitor in the chancery cause had been in good faith, and for the purpose of procuring a review of the case in the Supreme Court;" and that he also inserted in said order the words "that said solicitor had only learned that said claim of appeal had not been filed or served when said transcript of testimony had been served upon the opposite party." The respondent further returns that he held and determined from the affidavit of the said Joslin that he, the said Joslin, had, within the 40 days after decree, prepared a claim of appeal and had ordered a transcript of the testimony for the purpose of reviewing said cause in the Supreme Court. That this was done in good faith, and that the failure to serve the same was in view of the fact that defendants' solicitor believed that the same had been served, and therefore prepared the proposed testimony covering 125 pages of typewritten matter, indicating a desire to review such cause in good faith, and presented such a situation as would move the discretion of the court to grant an extension of the time asked for.

Act No. 340, Pub. Acts 1907, has received a construction by this court in the case of *Witham* v. *Clinton Circuit Judge*, 150 Mich. 568 (114 N. W. 337). There, as here, the relator sought to raise the question of the authority of the circuit judge to extend the time of taking an appeal from the decree in chancery, the contention being that under that act an appeal must be made in all cases within 40 days, as prescribed by section 2 of that act, and that no authority existed for extending the time beyond the 40 days. In that case Justice MONTGOMERY used the following language:

" Section 2 standing by itself relates to an appeal upon the party's own initiative.    It is to be construed in connection with section 6, and, as so construed, the last clause of section 2 simply forbids an appeal after time fixed by the statute by the party's own initiative and without an order from the court such as is provided in section 6.    There is little room to doubt what is meant by the language of section 6.    It authorizes the extension of time for the preparation, filing or service of *any papers herein provided to be prepared, filed or served,* with the proviso that the time shall not be extended *for the taking or perfecting of any appeal* so that more time may be consumed thereby than one year from the filing of the decree."

The writ was denied in that case, and it was held that the conduct of the circuit judge had been proper.    In the recent case in this court of *Bliss* v. *Tyler,* 156 Mich. 640 (121 N. W. 292), an appeal had been dismissed, and upon a request being made that this court extend the time for perfecting a new appeal, this court said:

"The court below could doubtless deal with that question if it was presented to it."

We have examined with some care the authorities cited by the solicitors for the relator.    The first four cases cited by the relator's solicitors relate to the rule governing circuit court applications for the allowance of an appeal from justice's courts after the five days' limitation.    All those cases are governed by the statute, which is peculiar in its language, and it has been repeatedly held that this right of appeal is only given when the party has been prevented from appealing within five days "by circumstances beyond his control," which is the provision of the statute, and the discretion is confined to such cases.    Here section 6 of the act of 1907 provides:

"The trial court or any judge thereof * * * may, upon cause shown, and reasonable notice given, extend the time provided in this act for the preparation, filing or service of any papers herein provided to be prepared, filed or served."

Other cases cited by counsel relate to appeals from the

probate court, and in settling bills of exceptions in law cases, and in our judgment are not applicable here.

It seems to us that the showing made by Mr. Joslin in his affidavit was sufficient to authorize the circuit judge in his discretion to grant the extension complained of, and that the respondent was warranted in the conclusions which he reached. It is urged by relator's solicitor that this showing, or affidavit, was not made by the defendants, but by the solicitor. It appears, however, that Mr. Joslin was the solicitor for defendants at the time of making the affidavit. The facts stated by him were peculiarly within his own knowledge and related to his own conduct or action in the matter, and it seems to us that where the solicitor has knowledge of the facts, and it appears, as in this case, that there has been no laches or delay on the part of the defendants themselves, and that the only reason for the failure to file the claim for an appeal was the mistake of the solicitor himself, there is no necessity for submitting the affidavit of the parties, but it must be held that the affidavit of the solicitor is sufficient. The respondent, it seems to us, exercised a reasonable discretion under the statute upon the showing already indicated, and, having made the order, we do not think the same should be disturbed.

The writ will therefore be denied.

MONTGOMERY, C. J., and OSTRANDER, HOOKER, and MOORE, JJ., concurred.