## Edward Canfield and John Canfield v. The Brig City of Erie.

*Appeal Bond.* Where a statute provides that a bond must be given within a certain number of days after entering a claim of appeal, a compliance with the statute, within the time specified, is necessary to give the appellate court jurisdiction of the appeal.

*Heard and decided July 8.*

Motion to dismiss an appeal.

The appeal in this case was taken from the judgment of the Circuit Court for the County of Manistee, under the act of 1864 (No. 591), to provide for the collection of demands against water craft. § 36 provides for an appeal by any party who may think himself aggrieved, and enacts that the claim of appeal shall be filed with the clerk within ten days after the making of the decree or judgment appealed from, and the appellant shall, within five days thereafter, file a bond, etc. The judgment in this case was entered on the 24th day of December, and the claim of appeal entered the same day. The bond was filed on the 30th day of December.

KNIGHT v. JONES.

*T. J. Ramsdell* moves to dismiss the appeal on the ground:

1. That the said appeal was not perfected in accordance with the requirements of the act No. 59 of the session laws of 1864.

2. That the bond was not filed within the time limited therefor by section 36 of said act.

3. That said bond misrecites the date, upon which the judgment evidently appealed from, was made and entered.

*S. W. Fowler, contra.*

THE COURT held that the filing of the appeal bond within five days from the date of the entering of the appeal, was necessary to give this Court jurisdiction of the cause. The case of *Climie v. Odell*, to which counsel had referred on the argument of the motion, was an appeal from a Justice's Court, in which the Circuit Courts have power, on cause shown, to permit an appeal to be entered, in cases where the statute had not been complied with; and in such cases, where there was a discretionary power in the appellate court to permit the appeal to be entered, the parties might reach the same result by stipulation. There is no such discretion in this Court on appeals under the water-craft act; and the appeal must be dismissed for want of jurisdiction.

Appeal dismissed.