BRIDGET CLARK v. THE VILLAGE OF NORTH MUSKEGON.

*Writ of error—Final order—Demurrer.*

An order sustaining a demurrer to a declaration, and directing final judgment for the defendant unless the plaintiff file an amended declaration within 20 days, is not a final order until after the expiration of the time allowed for such amendment.

Error to Muskegon. (Dickerman, J.) Argued April 22, 1891. Decided May 8, 1891.

Negligence case. Plaintiff brings error. Writ dismissed. The facts are stated in the opinion.

*Turner, Turner & Turner,* for appellant.

*DeLong & O'Hara,* for defendant.

CHAMPLIN, C. J. This action was commenced in the circuit court for the county of Muskegon by declaration for an injury to the plaintiff, caused by an alleged defective sidewalk in the defendant village.

The defendant appeared and demurred to the declaration, setting up 19 distinct grounds of demurrer. The plaintiff joined in demurrer, and the court, after hearing argument, sustained the demurrer, and ordered that—

"Upon payment by the plaintiff to defendant of the sum of ten dollars as an attorney fee within 20 days, the said plaintiff have leave to file an amended declaration in said cause, the defendant to plead thereto within the rules and practice of this court; otherwise it is ordered and adjudged by the court now here that the said plaintiff take nothing by her said declaration, and that the said defendant do recover against the said plaintiff its costs and charges by it about its defense in this behalf

expended to be taxed, and that the said defendant have execution therefor."

This order was entered on the 2d day of February, 1891. The plaintiff, without amending her declaration and without complying with the order in any respect, and before the expiration of the time allowed therefor, sued out a writ of error to this Court, and the defendant here insists that the order sustaining the defendant's demurrer is not a final order, until at least after the expiration of the 20 days, during all of which time the plaintiff was at liberty to amend her declaration. Its counsel cite in support of such proposition: Black, Judgm. § 29; *Elwell v. Johnson*, 74 N. Y. 80, and cases there cited.

We think that the order entered sustaining the demurrer cannot be considered a final order until after the time limited therein for the plaintiff to amend her declaration has expired. It was therefore not such a judgment of the court as is regarded final and reviewable in this Court.

It follows that the writ of error must be dismissed, with costs.

The other Justices concurred.