## BENNETT v. HICKEY.

1. APPEAL—NONPAYMENT OF REGISTER FEES—DISMISSAL.

The provision of 2 How. Stat. § 6740, in relation to chancery appeals, that, if the appellant shall neglect to pay the register fees for making the return for 30 days after the appeal has been perfected, he shall be deemed to have waived his appeal, is mandatory, and upon such failure the appeal will be dismissed, in the absence of a waiver by the appellee of his statutory right.

2. SAME—WAIVER.

The right of the appellee to insist upon the dismissal of the appeal is held to have been waived by a failure of his counsel to assert his intention of relying upon such right when he was told by counsel for appellant, in response to the suggestion that the return had not been made within the time prescribed by statute, that counsel intended to have the return made at once, and that the appellee should not be inconvenienced by the delay.

Appeal from Wayne; Carpenter, J.

Bill by William C. Bennett against Edward J. Hickey and others to rescind a land contract, and for other relief.

There was a decree for defendants, and complainant appealed.    On motion to dismiss.    Submitted October 6, 1896.    Denied October 20, 1896.

*Keena & Lightner*, for the motion.

*Fraser & Gates, contra.*

PER CURIAM.    The decree being duly entered in the above cause, the claim of appeal was filed July 30th, and the bond was filed July 6th, and approved by the circuit judge on August 6th.    This motion to dismiss was made September 19th, upon the ground that the fees were not paid to the register within 30 days after the appeal was perfected; the same having been paid on September 8th.

Sections 6739, 6740, 2 How. Stat., contain the provisions of the law relative to appeals.    The following provision relating to the payment of fees was ingrafted upon section 6740 by Act No. 62 of the Laws of 1871:

" And if an appellant shall neglect to pay to such register the fee for making such return for 30 days after such appeal has been perfected, he shall be deemed to have waived his appeal, and the appellee may at once proceed to enforce his decree, the same as if no appeal had been taken."

This section was involved in the case of *Barnes* v. *Munro* (decided at the October, 1892, term of this court). In that case the appeal was perfected in due season, but the fees were not paid within the time required, and execution issued, which counsel sought to have vacated, and return made.    The motion was denied, the appeal being treated as waived.    A similar provision, relating to probate appeals, was passed upon in the case of *Merriman* v. *Jackson Circuit Judge*, 95 Mich. 279, where it was held that jurisdiction was lost by reason of a failure to seasonably file the record.    In that case the statute before us was discussed, together with the decisions relied upon to sustain the proposition that the provision was directory, and we then thought that this statute

afforded no support to the claim that the statute involved in that case was not mandatory.    The case of *Barnes* v. *Munro* was not mentioned, being unreported.[1]

We think, however, that this motion should be denied upon the ground that the right to insist upon the waiver of appeal had in turn been waived by counsel for the appellees, for the reason that counsel did not assert his intention to rely upon the statutory waiver when informed by counsel for appellant that he intended to make the return at once, and that he should not be inconvenienced by the delay, when counsel for the appellees told him that the return had not been made within the time prescribed by statute.

The motion is denied.

---

[1] No opinion filed.