## WATERMAN *v.* BAILEY.

| 111 | 571 |
| 122 | 489 |
| 111 | 571 |
| 155 | 1 24 |
| 155 | 352 |

1. APPEAL—STATUTORY LIMITATIONS—EFFECT OF DELAY.
    The Supreme Court has no jurisdiction to consider an appeal in a cause wherein the settlement of the case was delayed, without the fault of the circuit court or its officers, until the statutory time for settlement, including extensions, had expired.

2. SAME—JURISDICTION BY CONSENT.
    Since jurisdiction is not conferred upon the Supreme Court by consent of the parties, the court cannot take cognizance of such appeal, even though the delay was with the acquiescence of the appellee.

Appeal from Calhoun; Smith, J.

Bill by Lewis Waterman and others against Betsey A. Bailey and others to set aside a deed. From a decree dismissing the bill, complainants appeal. On motion to dismiss. Submitted January 5, 1897. Granted February 2, 1897.

*L. B. Tompkins*, for the motion.

*Mains & Mains, contra.*

HOOKER, J.  A decree dismissing the complainants'
bill was entered on March 23, 1894, in the circuit court.
In October, 1894, an order was obtained extending the
time to make and settle a case (under 3 How. Stat. §
6647) until November 12, 1894.  On March 25, 1896,
counsel asked the circuit judge to settle a case, and on
April 1, 1896, he filed a written opinion, in which he said
that—

"I have much doubt about the right of the complain-
ants to have this case settled, taking into consideration its
condition.  No extension of time since November 12, 1894,
has been asked for or granted; and the record has been in
the hands of the complainants' solicitor since May 2, 1895.
Not wishing to put anything in the way of a review of
cases heard by me, I have concluded to settle the case.
Where there is contention about the evidence, as in this
case, I feel it is better to settle the case upon the whole
record as presented to me.  Upon presentation of this
record, at the next session of the court on the 10th instant,
I will sign it as a settlement of the case."

This order was not satisfactory to the complainants,
who desired to have a case settled which should contain
only the substance of the testimony, whereas the judge
proposed to include a verbatim report, including questions
and answers.  The complainants asked this court for
a *mandamus* in the premises, but on April 7, 1896,
this was denied, the court stating, in its memorandum as
announced, that the (circuit) "court had no power to
settle the case."  As the statute referred to expressly
provides for a case which shall contain only the substance
of the testimony, and as this is the usual practice, it
would seem that the *mandamus* was denied upon the
ground that the time within which the circuit judge
had jurisdiction to settle a case had expired.  As the
application for *mandamus* was *ex parte*, and no order to
show cause issued, it is probable that the circuit judge
was unaware that it was made.  Accordingly, a case was
settled upon April 10th, in accordance with his opinion,
before mentioned, and at the same time the appeal bond

was approved. The record has been filed and printed at a large expense, and counsel claim that defendants' counsel had knowledge of the steps being taken, and made no objection, but tacitly signified a willingness that the case should proceed in this court.

The questions before us are two:

1. Did the court acquire jurisdiction of the cause?
2. Have defendants, through counsel, waived a right to have the cause dismissed?

Appeals are statutory, and, in the absence of statutes, no right to appeal exists. See *Sullivan* v. *Haug*, 82 Mich. 555, and cases there cited; *Bevins* v. *Ramsey*, 11 How. 185; 2 Enc. Pl. & Prac. 15, 16. In the authority last cited, it is said: "It follows, therefore, that all the requirements of the statute for taking and perfecting an appeal are deemed jurisdictional, and must be strictly complied with." This is the doctrine of this court. In *Portage Lake, etc., Canal Co.* v. *Haas*, 20 Mich. 326, it was said that, "when an appeal is not taken within the statutory time, and there is no provision for an extension, there is no jurisdiction to hear it." To the same effect is the case of *Canfield* v. *The Brig City of Erie*, 21 Mich. 160; *People's Ice Co.* v. *Steamer Excelsior*, 43 Mich. 336. And it is said that, "where the conditions are not complied with, the appeal is void upon objection." *Hardaway* v. *Biles*, 1 Smedes & M. 657; *Porter* v. *Grisham*, 3 How. (Miss.) 75. "The conditions required by statute as precedent to taking and perfecting an appeal cannot be modified or extended by any judge or court without express statutory authority." *Emerson* v. *Clark*, 2 Scam. 489; *Sholty* v. *McIntyre*, 136 Ill. 33. The statute referred to expressly limited the time for settling a case to 3 (now 4) months, including extensions; yet the case was not settled for over 2 years, and section 6738, 2 How. Stat., limits the right to appeal to 40 days after the settlement of a case. See *Gale* v. *Gould*, 40 Mich. 62; *Love* v. *Francis*, 63 Mich. 189 (6 Am. St. Rep. 290).

It is argued that the cases of *Cameron* v. *Calkins*, 43 Mich. 191, *Gram* v. *Wasey*, 45 Mich. 223, and *Lake Shore, etc., R. Co.* v. *Chambers*, 89 Mich. 5, are inconsistent with the proposition contended for, viz., that the statutory requisites are necessary to confer jurisdiction. These were cases in which the court refused to dismiss proceedings, where, owing to some default of the court or its officers, parties were prevented from taking appeals seasonably; and the opinions seem to make such cases exceptional. All courts do not recognize this rule. *Excelsior Electric Co.* v. *Chicago Waifs' Mission & Training School*, 41 Ill. App. 115. But see *Cook* v. *Hoyt*, 13 Ill. 146; *White* v. *Frye*, 2 Gilman, 65.

We are therefore constrained to hold that this court acquired no jurisdiction, and, as the Supreme Court cannot assume jurisdiction by express consent of parties (see *Doerr* v. *Mut. Life Ass'n*, 92 Iowa, 39), a waiver by delay and acquiescence would be ineffective.

The motion to dismiss is granted.

The other Justices concurred.