THOMPSON v. McKAY.

APPEAL AND ERROR—CHANCERY APPEAL—PAYMENT OF REGISTER'S FEE—NECESSITY.

> Under Act No. 340, Pub. Acts 1907, § 5, the payment of the register's fee of $5, at the time of filing the certified transcript in a chancery case, in which an appeal has been claimed, is mandatory, and an appeal in a case in which the fee was not paid as required, until after the lapse of four months from the date of filing, was dismissed.

Bill by H. Jay Thompson, Oscar M. Smith, and Morris A. Knight, copartners as Jay Thompson & Company, against Mary Ann McKay and Eugene McKay to cancel a deed, and in aid of execution. From a decree for complainants, defendants appeal: On motion to dismiss. Submitted May 12, 1908. (Calendar No. 22,838.) Granted September 15, 1908.

*E. V. Ingersoll*, for the motion.

*R. A. McKay* (*James Van Kleeck*, of counsel), contra.

PER CURIAM. In this case a decree was entered in the circuit court in chancery for Bay county July 12, 1907, in favor of complainants. A claim for an appeal was filed August 20, 1907. The transcript of the testimony was settled and signed by the circuit judge November 26, 1907. On the same date this transcript was delivered by counsel for appellants to the register in chancery, of said circuit, when the statutory fee of $5 was demanded, but not paid. On February 26, 1908, complainants moved, before the circuit court, to dismiss the appeal for nonpayment of the register's fee. This motion was denied. The fee was paid, and the case returned to this court March 23, 1908.

On this motion it is claimed, and supported by the affidavit of the register in chancery, that, when the transcript

certified as settled was presented and delivered to him by defendants' solicitor, he demanded the fee of $5, and informed said solicitor that the transcript would not be filed, and no return would be made, until such payment was made. The payment was promised in a few days. These facts are not denied by appellants, but are excused by their solicitor in his affidavit on account of "sickness and personal matters," and on account of a claimed oral agreement with complainants' solicitor made on the date the fee was paid. This agreement is denied by counter affidavit. The payment of the fee to the register is mandatory and jurisdictional. The statute of 1907 (Act No. 340, Pub. Acts 1907, § 5) provides that the filing of the certified transcript and the payment of the fee are contemporaneous. The statute reads:

"The transcript certified by the trial judge as having been settled by the parties as provided for in either of the preceding sections shall be filed with the register of the trial court immediately upon such certification   *   *   * and a fee of five dollars shall then be paid to said register."

It is not necessary to construe the meaning of the word "immediately," as connected with the filing of the transcript and paying the fee. The fee was paid four months after the transcript was presented to the register. This statute was intended to expedite the matter of taking appeals in chancery to this court. The requirement relative to filing the transcript and paying the fee is not unreasonable. If printing has been done and expense incurred in taking this appeal, the blame cannot be put upon complainants. The fact that no bond was filed and a sale under execution has been made of the property involved so that no hardship or loss accrues to complainants cannot be taken into consideration. There is no question of discretion here. It is a matter of construction.

The motion is granted, and the appeal is dismissed, with costs of motion fixed at $5.