## LUM *v.* FAIRBANKS.

1. APPEAL AND ERROR — NOTICE OF APPEAL — FAILURE TO SERVE —FAILURE.

    Counsel for the appellee can take no advantage of failure of appellant to serve notice of perfecting a chancery appeal where they accepted copies of the record and brief of appellant and expected the case to be heard at the ensuing term.

2. SAME—CHANCERY APPEAL — REGISTER'S FEE — PAYMENT — NECESSITY.

    Both section 552, 1 Comp. Laws, and Act No. 340, Pub. Acts 1907, are mandatory with respect to the requirement that the register's fee shall be paid within the time limited to perfect a chancery appeal, and require that in the absence of such payment or waiver on the part of the appellee the appeal shall be dismissed.

3. SAME—WAIVER.

    Where appellee had no knowledge until October that a delay of nearly four months in perfecting the appeal had occurred because the register's fee was not paid, and that it was finally paid after the lapse of the time for perfecting the appeal, there was no waiver of the point by appellee urging appellant in August and later to expedite the appeal, since appellee was not required to learn of the delay.

4. SAME—REGISTER'S FEE—TIME TO PAY.

    Under Act No. 340, Pub. Acts 1907, a chancery appeal is not perfected until the register's fee is paid; and as the time for perfecting an appeal is limited to one year from the filing of the decree, and cannot be extended, an appeal is not taken and perfected if the fee is not paid until after the year has elapsed.

Bill by Harrison V. Lum against Eveline H. Fairbanks to enjoin an encroachment upon a street. From a decree dismissing the bill, complainant appeals: On motion to dismiss. Submitted November 2, 1908. (Calendar No. 23,003.) Motion granted November 30, 1908.

*Frost & Farrell,* for the motion.

*D. O. French,* contra.

OSTRANDER, J.  A final decree was entered April 26, 1907, claim of appeal made June 18, 1907, the time extended 90 days from June 22, 1907, bond filed July 8, 1907, case settled April 18, 1908, and the certified transcript filed in the office of the clerk of the circuit court April 21, 1908.  The register's fee was not paid until August 19, 1908, when the case was forwarded to the clerk of this court.  No notice of perfecting the appeal was given to counsel for the appellee.  It appears that the record is printed and the case noticed for hearing at the present October term of this court.  The records, however, were not received by the clerk of this court until after the first day of the term, for which reason the cause was stricken from the docket, under the rule. Copies of the printed record were delivered to counsel for appellee on August 26, 1908, and on September 19, 1908, appellant's brief was served.  A motion to dismiss the appeal was entered October 12, 1908—the reasons assigned being (1) that the transcript was not filed with the clerk of the court below immediately upon being certified by the judge; (2) that the statute fee was not paid to the register for nearly four months thereafter; (3) that no notice of perfecting the appeal was served.

The delay of three days in filing the certified case is explained, and counsel for appellee are not in position to take advantage of the failure to serve notice of perfecting the appeal.  They accepted copies of the record and of the brief for the appellant, and expected the case to be heard at the present term of this court.  It appears, however, that they did not know when the register's fee was paid or the transcript returned to this court until some time, the date not stated, three or four weeks before October 24th.  The statute (1 Comp. Laws, §§ 551, 552) treats an appeal as perfected when the certified case is duly filed with the register of the court.  And where an appeal was not perfected within the statute period, and the delay was due to default on the part of the appellant, jurisdiction of the appellate court was denied.  *Waterman* v. *Bailey*,

111 Mich. 571. See *City of Kalamazoo* v. *Power Co.*, 122 Mich. 489. And it was held in *Bennett* v. *Hickey*, 110 Mich. 628, and in *Trombly* v. *Klersy*, 139 Mich. 311, that failure to pay the register's fee within the time limited by 1 Comp. Laws, § 552, would require that the appeal be dismissed, in the absence of waiver on the part of the appellee.

It is now required that all appeals in chancery cases shall be taken and perfected under the provisions of Act No. 340, Pub. Acts 1907, which went into effect June 28, 1907. By its terms this act limits the time for perfecting an appeal to one year from the filing of the decree, and requires that the register's fee be paid when the settled case is filed with the register. It has been held that the requirement of this statute relative to payment of the fee is mandatory. *Thompson* v. *McKay*, 154 Mich. 228. So that, whether we consider the appeal as taken and perfected under 1 Comp. Laws, § 552, or under the statute of 1907, the appeal must be dismissed, unless it should be said that the right to a dismissal has been waived. There has been no waiver; for, although it appears that counsel for appellee have since August last urged counsel for the appellant to expedite the hearing of the case, they did not know, and we think were not required to learn, that a delay of nearly four months occurred because the register's fee was not paid, and that it was finally paid after the lapse of the time for perfecting the appeal. We are of opinion that, under the statute of 1907, an appeal is not perfected until the register's fee is paid, and as the time for perfecting an appeal is limited to one year from the filing of the decree, and cannot be extended, an appeal is not taken and perfected if the fee is not paid until after the year has elapsed.

The motion to dismiss the appeal is granted, with costs.

GRANT, C. J., and HOOKER, MOORE, and MCALVAY, JJ., concurred.