BLISS *v*. TYLER.

APPEAL AND ERROR—EQUITY PRACTICE—TIME FOR TAKING—DE-
CREES—DEMURRER.

The statute (Act No. 340, Pub. Acts 1907, § 2) providing that
appeals in chancery shall be taken within 40 days after filing
of the decree, is applicable to an order overruling a demurrer;
and an appeal therefrom must be taken within such time
from the filing of the order.

Bill in aid of execution by Allaseba M. Bliss and
Lorenzo T. Durand, executors of the last will and testa-
ment of Aaron T. Bliss, deceased, against Fred B. Tyler
and Carrie B. Tyler: On motion to dismiss an appeal
from an order overruling a demurrer. Submitted Decem-
ber 21, 1908. (Calendar No. 23,183.) Motion granted
May 26, 1909.

*John A. McKay* (*Gray & Gray*, of counsel), for the
motion.

*Jonathan Palmer, Jr.* (*Elbridge F. Bacon, George
W. Weadock*, and *Russell B. Thayer*, of counsel), con-
tra.

MOORE, J. The bill of complaint in this case was filed
in aid of execution. The bill was taken as confessed by
defendant Fred B. Tyler. The defendant Carrie B.
Tyler appeared and demurred to the bill. The demurrer
was argued on the 20th day of June, 1908, and an order
overruling it was filed and entered September 23, 1908,
and defendant Carrie B. Tyler was given 30 days from
the service of the order on her solicitor in which to answer
the bill of complaint.

The solicitor for the defendant was served with a copy
of this order on the 8th of October, 1908. No answer was
filed, but on the 23d day of November the defendant filed

a claim for an appeal to this court. It is claimed by complainant's counsel that the time for appealing from this order commenced to run on the 23d day of September, when the order was actually filed and entered. Defendant claims she had 40 days after the time in which to answer expired, and cites *Creasey* v. *St. George's Society*, 34 Mich. 51; *Cross* v. *Cross*, 54 Mich. 115; and *Clark* v. *Village of North Muskegon*, 86 Mich. 29. All of these cases were decided before the passage of Act No. 340, Pub. Acts 1907, which contains the present practice on appeal in chancery cases. Section 2 of this act was construed in *Moody* v. *Macomber*, ante, 76. In that case it was held that the term "decree" in the statute was broad enough to cover an order overruling a demurrer. Section 2 of the act provides that the appeal should be taken within 40 days after filing of the decree. When the demurrer was overruled, two courses were open to defendant. She might have answered within the time given her by the court, or she might appeal within the time given by the statute. She did not answer and she did not appeal within the time fixed by the statute. The language of the statute is not ambiguous. Counsel close their brief as follows:

"We submit that the motion to dismiss the appeal herein should be denied with costs; but, in case the court should hold that the appeal was not taken in time, counsel for defendant and appellant request the court to permit defendant's counsel to move for an extension of time for appeal, or make an order granting such extension upon the hearing of this motion."

As already stated, the case is not properly here, nor is any proper showing made for granting an extension of time. The court below could doubtless deal with that question if it was presented to it.

The appeal is dismissed, with costs.

BLAIR, C. J., and GRANT, McALVAY, and BROOKE, JJ., concurred.