BLISS *v.* SAGINAW CIRCUIT JUDGE.

APPEAL AND ERROR — EXTENSION OF TIME FOR APPEAL — CHAN-
CERY PRACTICE — EFFECT OF DISMISSAL FROM SUPREME COURT
ON A SUBSEQUENT EXTENSION—MANDAMUS.

> After the dismissal of an appeal to the Supreme Court, because
> the claim of appeal was not filed in time, it is discretionary
> with the circuit court to extend the time for filing the claim
> of appeal on terms, and mandamus will not issue to vacate
> such an extension for cause shown.[1]

Mandamus by Allaseba M. Bliss and Lorenzo T. Du-
rand, executors of the last will and testament of Aaron T.
Bliss, deceased, to compel William R. Kendrick, circuit
judge of Saginaw county, to vacate an order extending
the time for taking an appeal.   Submitted October 5,
1909.   ( Calendar No. 23,528.)   Writ denied February 3,
1910.

*John A. McKay* ( *William J. Gray* and *Lorenzo T.
Durand,* of counsel), for relators.

*Jonathan Palmer, Jr.* ) *George W. Weadock* and *El-
bridge F. Bacon,* of counsel), for respondent.

BLAIR, J.   This court having dismissed an appeal from
an order overruling a demurrer ( *Bliss* v. *Tyler,* 156 Mich.
640 [121 N. W. 292]), on the ground that the appeal was
not timely, respondent entered an order extending the
time for taking an appeal, which has been taken, and is
now pending in this court and on the docket for hearing at
the present term.   The relators applied to this court for a
peremptory writ of mandamus requiring respondent to
vacate his order extending the time for appeal.   An order
to show cause issued, to which respondent has filed his

---

[1]Act No. 340, Pub. Acts 1907.

return. At the time of making the order, the court gave the following opinion:

"*The Court:* This is a matter that appeals to me as one wherein a misunderstanding of the law upon instructions from his client has honestly miscarried. Mr. Palmer, as the agent and attorney in one sense of Carrie B. Tyler, was instructed to do all things that would protect her rights and interests in this matter, as an attorney, and use his ability as an attorney, but he fell short of the mark, and he did not in my judgment do those things, and what has been demonstrated by the court, he failed to perform his duty as a lawyer and file his notice of appeal in proper form. It is certainly the policy of all courts of justice, and especially of courts of chancery, to permit a hearing in a case if it can be reasonably done, to the end that they may have the matter considered upon the merits. I confess it is in many ways a close case. It appeals to me as along the line of a very close condition of facts, as presented. But I believe it is my duty at this time to grant the motion of extending the time, on condition—and I think they should answer for their failure to understand the law better, and act promptly, but as it appeals to me, there should be an extension of time for 30 days, and that the proponent of the motion should pay a solicitor's fee of $15. Upon the payment of that, that they be permitted to make an appeal."

The showing in support of the motion for leave to appeal fully supports the decision of the circuit judge. *Merriman* v. *Jackson Circuit Judge*, 96 Mich. 603 (55 N. W. 1021); *Witham* v. *Clinton Circuit Judge*, 150 Mich. 568 (114 N. W. 337); *De Lisle* v. *Wayne Circuit Judge*, 158 Mich. 16 (122 N. W. 362).

The writ is denied, with costs.

MONTGOMERY, C. J., and OSTRANDER, HOOKER, and MOORE, JJ., concurred.