### PERKINS *v.* PERKINS.

1. Appeal and Error—Time—Dismissal of Appeal.
    After two and a half years from the date of entry of decree, no appeal under Act No. 299, Pub. Acts 1909, will lie, although the delays were for mutual benefit and both parties consented.

2. Same—Motions.
    On motion such appeal must be dismissed, since neither parties nor trial court can confer jurisdiction beyond the statutory provisions, and the payment of the statutory fee to the register in chancery within the prescribed period is jurisdictional.

Bill by Frederick L. Perkins, executor of the estate of Harriet M. Perkins, deceased, against Willis J. Perkins and others. From a decree for complainant, defendants appeal. On motion of complainant to dismiss. Submitted November 27, 1912. (Calendar No. 25,408.) Motion granted March 12, 1913.

*A. C. Hindman,* for the motion.

*W. F. Keeney, contra.*

PER CURIAM. In this cause the bill of complaint was filed December 27, 1901. February 15, 1902, notice that the cause was at issue, a demand for a hearing in open court, and notice of hearing were given. March 29, 1910, a decree was filed and entered. September 12th of the same year a bond on appeal was filed. March 21, 1911, counsel stipulated that an order might be entered extending the time three months from the date thereof for perfecting an appeal to the Supreme Court " in accordance with the provisions of section 3 of Act No. 299 of the Public Acts of Michigan for the year 1909." Upon this stipulation the late Justice HOOKER, March 24, 1911, made an order extending the time for perfecting an appeal three months from the date of the order. Within the time limited, and on June 23, 1911, counsel for the respective parties stipulated, and we find the stipulation attached to a mass of papers returned to and filed in this court—

"That the foregoing may and hereby is settled as a case on appeal in said cause, in accordance with the statute in such case made and provided. * * *"

And following this stipulation, and the last paper attached, is the certificate of the register of the circuit court for the county of Kent, in chancery, to the effect that the foregoing attached papers—

"Are the original bill and all process, pleadings, motions, notices, orders, and decrees, which have been filed in the above-entitled cause, and the whole thereof. And also copies of all journal and calendar entries, and other

proceedings of record in said cause, not embraced in the original papers hereinbefore mentioned," etc.

October 14, 1912, the solicitors for the parties made the following stipulation:

"It is hereby stipulated and agreed by and between the solicitors for the respective parties to the above-entitled cause that a copy of the printed record in said cause may be and hereby is substituted in place of the typewritten record in the case made for appeal in said cause, and that the solicitors for either party may, upon the hearing of said cause in the Supreme Court, refer to and use any exhibit duly received on the hearing of said cause in the circuit court, and also the stenographer's typewritten report of the testimony, whether the same be printed in the printed record as prepared or not.

"Providing, however, that the same is set out in full, or specifically referred to in the printed briefs."

This stipulation was filed on October 16th, on which date a claim of appeal and a printed record were filed in the court below.

A motion was filed in this court November 18, 1912, by the solicitors for the complainant and appellee to dismiss the appeal, for the reasons:

(1) That defendants' claim of appeal was not filed in the circuit court until October 16, 1912; (2) that the clerk's fee on appeal was not paid until October 16, 1912.

Complainant's solicitors say they learned the facts assumed in these reasons, and not disputed, after the last and above-quoted stipulation was entered into.

It thus appears that more than two years and six months elapsed between the filing and entering of the decree and the time when this court, upon the face of the papers, became possessed of the matter on appeal. It further appears, and is a fact not referred to by counsel upon either side, that no case for review has been settled by the judge who heard the cause or by any other judge. There is no evidence before the court that any judge has settled and signed the case on appeal.

The statute controlling appeals at the time the decree in this cause was entered was Act No. 299 of the Public Acts of 1909. By the terms of this statute, it was possible to secure in the court below a year from the entry of the decree appealed from to perfect the appeal, and by application to this court, or a justice thereof, an additional six months' time might have been, for good reasons, secured. Counsel were familiar with the statute because they secured from a justice of this court an extension of the time. It is contended for the appellants that the delays which thereafter occurred were for the mutual benefit of the appellants and the appellee and were consented to, and that compliance with the statute governing appeals to this court was waived by the appellee.

If the motion to dismiss was addressed to the discretion of the court, reason might be found for its denial. It is not, however, a matter of discretion. This court has no original jurisdiction to hear and determine appeals in chancery, and appeals lie from decrees of circuit courts, in chancery, only because they are permitted by the legislature. Having the power to permit or refuse appeals to be taken, the legislature has the power to prescribe the conditions which shall attend and control the taking of such appeals. The legislature has not qualified or limited an existing right, but has created a right, to be exercised within a prescribed period of time, in a prescribed manner. Whether an appeal should be allowed in this cause is not a question of discretion of the court, but one of compliance with the conditions which the legislature has prescribed for taking such appeals.

In other words, the jurisdiction of the court to hear and determine the appeal depends upon whether the statute has been followed. Jurisdiction to hear and determine appeals in chancery cannot be conferred by consent of parties; neither the court nor any judge thereof can add to or take from the statutory provisions.

The subject was before the court and discussed with a considerable reference to authority in *Waterman* v. *Bailey,*

111 Mich. 571 (69 N. W. 1109). See, also, *Wilkinson* v. *Kneeland*, 125 Mich. 261 (84 N. W. 142); *Lum* v. *Fairbanks*, 155 Mich. 23 (118 N. W. 578); *Bliss* v. *Saginaw Circuit Judge*, 159 Mich. 507 (124 N. W. 561). The matter has been presented on the part of the appellants with reference to the authorities and the reason sustaining the proposition that within the time limited by the statute, noncompliance with various statutory provisions by the appealing party may be waived by the appellee. As has been pointed out, this proposition is not controlling. The legislature has given a possible limit of time amounting to one year and six months from the entry of a decree for perfecting an appeal to this court. In this cause that time has been exceeded by more than a year. It is apparent that, if the parties in such a cause may by consent extend the statutory period for appealing one day, they may extend it indefinitely, and, if this right could be admitted, appeals in chancery would not be controlled by the authority without which they could not be taken at all, but by the convenience of counsel. There is a class of cases, and they are referred to by Mr. Justice Hooker in *Waterman* v. *Bailey*, *supra*, in which the court refused to dismiss appeals because parties desiring to appeal were prevented from doing so by the default of the court or of some of its officers. Such a case was *Cameron* v. *Calkins*, 43 Mich. 191 (5 N. W. 292). Another is *City of Kalamazoo* v. *Power Co.*, 122 Mich. 489 (81 N. W. 426). In *Cameron* v. *Calkins* it was said:

"We cannot think the legislature intended to deprive a party of his right to an appeal because not taken within a time fixed from circumstances beyond his control. Where it is within the power of a party to have his case settled, and he does not do so, he may well be held bound thereby; but where the delay is caused by officers of the court over whom he has no control, and without fault or want of due diligence on his part, we are of opinion that a settlement made after the period of three months will be good."

This court has repeatedly held that the payment of the

register's fee within the time required by the statute is jurisdictional. *Bennett* v. *Hickey,* 110 Mich. 628 (68 N. W. 650); *Trombly* v. *Klersy,* 139 Mich. 311 (102 N. W. 736); *Thompson* v. *McKay,* 154 Mich. 228 (117 N. W. 624); *Lum* v. *Fairbanks,* 155 Mich. 23 (118 N. W. 578).

Although attention has been called to the fact that no case for review has yet been settled and signed by the circuit judge, we do not rest decision upon that fact. We hold, in conformity with repeated decisions of the court, that the statute fixes a time within which appeals in chancery must be perfected, and that a party desiring to appeal must within that time perfect his appeal; for the failure to do which, the right to appeal is lost and cannot be restored by the court.

The motion to dismiss is granted, but without costs.