FOSTER *v.* FOSTER.

APPEAL AND ERROR—DIVORCE—DECREE—TIME.

> On its own motion this court will dismiss an appeal in divorce proceedings taken nearly two years after the entry of a decree, notwithstanding the subsequent filing of a petition for rehearing, denied by the circuit court. Jurisdiction of the Supreme Court in chancery appeals is limited to the maximum period fixed by statute and court rules.

Appeal from Eaton; Smith, J. Submitted June 5, 1913. (Docket No. 21.) Decided July 9, 1913.

Bill by Elizabeth Foster against Wesley Foster for divorce. From a decree for defendant, complainant appeals. Dismissed.

*G. D. Blasier,* for complainant.

*Elmer N. Peters,* for defendant.

OSTRANDER, J. A decree of divorce was granted upon the cross-bill of defendant December 3, 1910. The cause was contested, and the decree was upon the merits. No provision for alimony was made, and no reference made in the decree to property rights. The parties were then, and for some time had been, separated. On the 11th day of June, 1912, complainant filed in the court, and apparently in the cause, a petition in which it is asserted that, upon the pleadings and proofs in the divorce suit, no decree ought to have been granted to defendant, and, if it ought to have been granted to either party, the decree is *erroneous* because the court failed to settle property rights. It is prayed that the cause be reheard. A rehearing was denied; the court in a written opinion

stating that complainant's solicitor in the divorce proceeding conceded that complainant had not made a case entitling her to a decree, that certain representations were made to him respecting property matters, and that complainant's solicitor agreed that, in view of the arrangement made, it would be proper to enter the decree for defendant, as was done. Complainant has made and settled a case for appeal to this court, in which is set out the testimony given in the divorce proceeding. In her brief it is argued that defendant made no case entitling him to a decree for divorce, and that in any event the court should have taken some action pursuant to Act No. 259, Pub. Acts 1909 (4 How. Stat. [2d Ed.] § 11496 *et seq.*). The case on appeal was settled December 13, 1912, notice of appeal being given November 12, 1912. The jurisdiction of this court in chancery appeals is limited to causes which are appealed within a certain time, and the maximum time for taking this appeal long ago expired. *Perkins* v. *Perkins,* 173 Mich. 690 (140 N. W. 161).

The appeal is therefore dismissed; and, as the jurisdictional question is not raised by defendant, and no motion to dismiss the appeal was made, the costs awarded to complainant are limited to a solicitor's fee of $20.

STEERE, C. J., and MOORE, MCALVAY, BROOKE, KUHN, STONE, and BIRD, JJ., concurred.