GUTHRIE *v.* LEELANAU CIRCUIT JUDGE.

1. APPEAL AND ERROR—EXTENSION OF TIME—DISCRETION OF COURT.
    Where counsel for the defendants in an equity case timely
    advised them of the decree and essentials to perfect the
    appeal, if desired, *held*, that there was no abuse of dis-
    cretion in holding that as to defendants themselves, no
    sufficient excuse was shown for failure to promptly in-
    struct their counsel, in case an appeal was desired, to
    have proper steps to that end seasonably taken within
    the time prescribed by law.

2. SAME—CHANCERY APPEALS—STATUTES.
    There is no right to appeal in chancery suits unless created
    by statute.

3. SAME—PERFECTING RECORD—EXTENSION OF TIME—DISCRETION OF
    COURT—RULES—STATUTES.
    The provision in the judicature act, Act No. 314, Pub.
    Acts 1915, chap. 50, § 19 (3 Comp. Laws 1915, § 13754),
    requiring the payment of an appeal fee to the register
    in chancery within 20 days after filing of the decree is
    mandatory, and a condition precedent to the extension
    of time to settle a case for appeal, and such requirement
    is not affected by Circuit Court Rule No. 66, as such rule
    states that subject to the "limitations prescribed by stat-
    ute" and upon such terms and conditions as may be
    deemed just the court may grant a further and reason-
    able time for settlement of a bill of exceptions or can
    and may extend such time when proper.

Mandamus by Kate Guthrie and another to compel
Frederick W. Mayne, circuit judge for Leelanau
county, to grant an extension of time to settle a case
for appeal. Submitted June 19, 1917. (Calendar No.
27,881.)   Writ denied July 26, 1917.

*John J. Tweddle* and *Parm C. Gilbert,* for plaintiffs.
*Dayton & Alway,* for defendant.

STEERE, J.   In this proceeding plaintiffs ask a man-

197—Mich.—21.

datory order requiring the circuit judge of Leelanau county to grant an extension of time to settle a case for appeal in a chancery suit begun against them and others, as defendants, by Levi and Jennie Pheatt, as complainants, in the circuit court of said county, on January 20, 1913, and decided in favor of the latter on June 21, 1916. The bill of complaint in that suit was filed to set aside certain deeds claimed to be a cloud upon complainants' title to described lots in the village of Leland. The case was first heard and a decree entered in favor of complainants Pheatt on October 24, 1913, which was seasonably enrolled. No appeal was taken from that decree, but on February 18, 1914, a petition was presented by defendants for leave to file a bill of review on the ground of newly-discovered evidence, and granted over complainants' objection. Thereafter a stipulation was entered into between the parties, providing that complainants might file an amended bill of complaint and "join such additional parties defendant as they may desire." This was done, and defendants answered the amended bill, to which replication was filed. The case, being again at issue, was duly noticed for the February, 1915, term of court and brought on for hearing. Little, if any, testimony was then taken, and the case stood over until the May term, 1915, when the introduction of evidence was practically completed; but defendants asked and obtained further time to secure the testimony of a witness named Coda, and the hearing was further continued for that purpose. Coda's testimony was not procured during the summer, as had been anticipated, and on October 7, 1915, notice of closing proofs and hearing the cause at the October, 1915, term were again served by complainants. Defendants then asked for more time to secure the testimony of Coda and another witness, which was granted by the court, and their depositions were subsequently filed, when the

proofs were again closed.  As part of the business of
the June term, 1916, in Leelanau county, the case was
taken up before the trial judge in Traverse City, in the
same judicial circuit, by mutual agreement, of counsel
for the respective parties, resulting in a decree in favor
of complainants, signed June 21, 1916, and filed in
Leelanau county July 3, 1916.  Counsel for the re-
spective parties were present when the decree was
signed, and a stipulation was then entered into between
them, waiving notice of proposed presentment and sub-
sequent filing of the decree.  On July 11, 1916, a claim
of appeal was filed by defendants, but the statutory fee
on appeal was not then paid, and nothing further was
done by defendants until January 29, 1917, when a
motion was made asking an extension of time to March
1, 1917, or such other time as the court thought just,
in which to prepare and settle said case for review, and
the appeal fee was paid March 6, 1917.  This motion
was heard and denied by the court on March 22, 1917,
in an order reviewing the history of the case and em-
bodying in substance as reasons therefore inexcusable
delay in perfecting the appeal and failure to pay the
statutory fee within the specified time, saying in part:

"It further appearing to the court from the affidavit
of the solicitor for defendants that the defendants did
not determine upon ordering a transcript of testimony
from the stenographer and of appealing said cause un-
til some time after September 14, 1916;  *  *  *  that
the defendants have materially delayed the final de-
termination of said cause by not securing promptly the
testimony of defendant Christopher F. Coda, and have
had two hearings in the court and should have prompt-
ly determined whether or not they desired to take such
cause to the Supreme Court without delay;  *  *  *
that said cause has been pending upwards of four
years, and that, although the defendants had asked for
a bill of review on the grounds of newly-discovered
evidence, substantially all the evidence produced at the
last hearing of the cause was cumulative to that taken
at the first hearing and did not materially add to or

strengthen defendants' cause; and that the complainants have persistently opposed delays and have been reasonably diligent in trying to secure a final determination of this cause. It further appearing to the court that the statute requiring the payment of $5 clerk fee within 20 days after the filing of the decree is mandatory and, that the court has no jurisdiction to allow an appeal where said clerk's fee has not been paid within the time limited by the statute."

The showing made in extenuation of delay in perfecting the appeal indicates that defendants' counsel timely advised them of the decree and essentials to perfect the appeal, if desired; but we can find no abuse of discretion on the part of the trial court in holding that as to defendants themselves no sufficient excuse was shown for failure to promptly instruct their counsel, in case an appeal was desired, and have the proper steps to that end seasonably taken within the time prescribed by law.

It is, however, apparently assumed by plaintiffs' counsel that the controlling reason with the trial court for denying defendants' motion was failure to deposit the appeal fee with the register in chancery within 20 days after decree was filed, which the court construed as mandatory, and a condition precedent to extension of time, against which counsel contend that, because the maximum limit within which the trial court may extend the time upon cause shown is one year from entering the decree, by inference a payment of the fee on or before an order extending time is made, within the year limit, should be construed as a sufficient compliance within the purpose and intent of the law. There is no right to appeal in chancery suits unless created by statute. *Sullivan* v. *Haug,* 82 Mich. 548 (46 N. W. 795, 10 L. R. A. 263). That right is now conferred and governed by the so-called judicature act (Act No. 314, Pub. Acts 1915, 3 Comp. Laws 1915, § 12004 *et seq.*), which became operative Janu-

ary 1, 1916.  In section 19, chapter 50 (3 Comp. Laws 1915, § 13754) of that act it is provided:

"Any party desiring to appeal from the order or decree of the circuit court in chancery shall, within twenty days after the entry of such order or decree, file or cause to be filed a claim of appeal in writing, etc., * * * and shall also within the said twenty days pay a fee of five dollars to the clerk: *Provided,* That, when any order or decree is entered in vacation, the time for taking an appeal shall be computed from the time of the service of notice of such decree as provided by law."

In this case defendants' counsel was present when the decree was signed, and notice was waived.  The time of taking the appeal would at longest be computed from the time of filing, or entry of, the same with the register.  Section 20, chapter 50, of the act confers discretionary authority upon the circuit court or judge at chambers to extend the time for taking or perfecting an appeal upon cause shown, not to exceed one year from entry of the order or decree appealed from.  Circuit Court Rule No. 66, framed with reference to the judicature act, provides:

"A party shall have not less than twenty days after entry of judgment or decree for settlement of a bill of exceptions, in actions at law, or of a case containing the evidence for review in the Supreme Court in actions in equity. * * * Subject to the limitations prescribed by statute, and upon such terms and conditions as shall be deemed just, the court may grant such further reasonable time as shall be deemed proper for a settlement of a bill of exceptions or case, and may extend such time when proper. * * *"

The rule makes no direct reference to the statutory requirement that the fee for appeal shall be paid within the 20 days and does not attempt to authorize its extension.  That limitation is prescribed by statute, and the power to grant such further reasonable time as shall be deemed proper for settlement of a case in

equity is made subject to statutory limitations. In support of the contention that the time limit for paying the fee for appeal is not jurisdictional, and may be extended by the court in connection with extension of time to otherwise perfect an appeal within the year, counsel for plaintiffs quote the following from *Lum* v. *Fairbanks*, 155 Mich. 23 (118 N. W. 578):

"We are of opinion that under the statute of 1907 an appeal is not perfected until the register's fee is paid, and as the time for perfecting an appeal is limited to one year from the filing of the decree, and cannot be extended, an appeal is not taken and perfected if the fee is not paid until after the year has elapsed."

Chancery appeals were then governed by Act No. 340, Pub. Acts 1907, which provided that "in cases not heard or tried in open court" the fee should be paid upon filing the claim of appeal, but in "suits heard in open court" the fee was not required to be paid until the settled case, or transcript, certified by the trial judge, was filed with the register of the trial court. It is also said in the *Lum Case:*

"By its terms this act limits the time for perfecting an appeal to one year from the filing of the decree, and requires that the register's fee be paid when the settled case is filed with the register. It has been held that the requirement of this statute relative to payment of the fee is mandatory. *Thompson* v. *McKay,* 154 Mich. 228 (117 N..W. 624). So that, whether we consider the appeal as taken and perfected under 1 Comp. Laws, § 552, or under the statute of 1907, the appeal must be dismissed, unless it should be said that the right to a dismissal has been waived. There has been no waiver; for, although it appears that counsel for appellee have since August last urged counsel for the appellant to expedite the hearing of the case, they did not know, and we think were not required to learn, that a delay of nearly four months occurred because the register's fee was not paid, and that it was finally paid after the lapse of the time for perfecting the appeal."

In *Thompson* v. *McKay, supra,* involving the same act, it is said:

"The payment of the fee to the register is manda- tory and jurisdictional.   * * *   The fee was paid four months after the transcript was presented to the register.   This statute was intended to expedite the matter of taking appeals in chancery to this court. * * *   There is no question of discretion here.   It is a matter of construction."

We are of opinion that the learned circuit judge both rightly construed the statute and acted within his authorized discretion in disposing of the motion.

The writ of mandamus petitioned for is therefore denied.

KUHN, C. J., and STONE, OSTRANDER, BIRD, MOORE, BROOKE, and FELLOWS, JJ., concurred.