MISNER *v.* STANGE.

APPEAL AND ERROR—TIME OF PERFECTING APPEAL—SUPREME COURT RULE.

Although defendant did not appeal within the 20 days prescribed by 3 Comp. Laws 1915, § 13753, where one of the other parties to the proceeding had perfected an appeal pursuant to the provisions of said statute and the rules of the Supreme Court, defendant had the right to appeal under Supreme Court Rule No. 61.

Cross-appeals from Ottawa; Cross (Orien S.), J. Submitted January 18, 1918. (Docket No. 145.) Decided December 27, 1918. Resubmitted June 26, 1919. Former opinion affirmed February 27, 1920.

Bill by Charles E. Misner against Claus H. Stange, Walter I. Lillie, and Anna Wegner for the foreclosure of certain liens. Defendants Lillie and Wegner filed separate cross-bills asking affirmative relief. From the decree rendered, defendants Lillie and Wegner appeal. Modified, and affirmed.

*Charles E. Misner, in pro. per.*

*Leo C. Lillie,* for defendant Lillie.

*Charles E. Soule,* for defendant Wegner.

### ON REHEARING.

BIRD, J. A rehearing was granted in this case on a question of practice affecting the appeal of defendant Lillie. The contention is made that this court was without jurisdiction to grant Mr. Lillie affirmative relief because he did not file his claim of appeal within the 20 days provided by statute. 3 Comp. Laws 1915, § 13754. We were of the opinion on the former hearing that the right to a dismissal had been waived. 203 Mich. 411. It appears by the record that defendant Wegner filed her claim of appeal within the 20 days prescribed by statute. Several days thereafter Mr. Lillie filed his claim of appeal but not until after the 20 days had expired.

It was held by this court in *Guthrie* v. *Leelanau Circuit Judge,* 197 Mich. 321, that a failure to pay the appeal fee within 20 days after filing the decree deprived the court of jurisdiction. The question whether a like holding should be made for failure to file the claim of appeal within 20 days has not been before the court, under the present act, except in a case where the court already had jurisdiction. Assuming that the court will, by analogy, hold that a failure to file a claim of appeal within 20 days is jurisdictional, the question is presented in the instant case

whether the failure of an appealing party to file a claim of appeal before the 20 days have expired is fatal, where the court has already acquired jurisdiction of the subject-matter by force of a claim of appeal seasonably filed by another party.

Defendant Wegner filed a seasonable claim of appeal. Later Mr. Lillie filed a belated claim of appeal. Had this court's jurisdiction depended on Mr. Lillie's appeal we would be bound to say, under the authority of the *Guthrie Case*, that the court was without jurisdiction and his appeal would be dismissed. But it can hardly be claimed that Mr. Lillie's appeal could be dismissed on jurisdictional grounds, in view of the fact that the court already had jurisdiction of the case by virtue of defendant Wegner's appeal. May we not, and ought we not, to say that the failure of Mr. Lillie to file his claim of appeal within the 20 days was but an irregularity which could be waived by the opposite party?

In the present case the record for appeal was settled by the parties before the chancellor, transmitted to this court and the case was noticed for hearing in this court. No motion has been made in this court to dismiss the appeal, simply an objection to any affirmative relief being given thereunder. Under these circumstances it ought to be held that the irregularity was waived. In *Lum* v. *Fairbanks*, 155 Mich. 23, in considering an application to dismiss an appeal, the court said:

"So that, whether we consider the appeal as taken and perfected under 1 Comp. Laws, § 552, or under the statute of 1907 [Act No. 340], the appeal must be dismissed, *unless it should be said that the right to a dismissal has been waived. There has been no waiver;* for although," etc.

This case clearly recognizes the right to a dismissal may be waived.

Again, in *Bennett* v. *Hickey*, 110 Mich. 628, it was held that the appellee had waived his right to have the appeal dismissed, the court saying:

"We think, however, that this motion should be denied upon the ground that the right to insist upon the waiver of appeal had in turn been waived by counsel for the appellees, for the reason that counsel did not assert his intention to rely upon the statutory waiver when informed by counsel for appellant that he intended to make the return at once, and that he should not be inconvenienced by the delay, when counsel for the appellees told him that the return had not been made within the time prescribed by statute."

The principle of waiver was also recognized in *Trombly* v. *Klersy*, 139 Mich. 311.

But it is urged that the case of *Munroe, Boyce & Co.* v. *Ward*, 207 Mich. 369, is conclusive of the present one. In that case the defendant filed a claim of appeal seasonably. The plaintiff, upon learning that defendant had appealed, also filed its claim of appeal, but not until after the 20 days had expired, and it was held that plaintiff's appeal could not be considered, citing the *Guthrie* and other cases. The distinction which has been pointed out herein was not presented to us in that case, neither was there any showing of waiver. Had our attention been called to the fact that the court already had jurisdiction of the case by force of defendant's appeal, it is doubtful whether we would have placed our refusal to consider plaintiff's appeal on jurisdictional grounds. I have no doubt that a correct result on this question was reached in *Munroe, Boyce & Co.* v. *Ward*, because of the failure of plaintiff to file its claim of appeal seasonably. While this was but an irregularity no attempt was made to show that the irregularity had been waived. But in the present case the showing is made. It is, therefore, unnecessary to overrule *Munroe, Boyce & Co.* v. *Ward*, in order to affirm the present case. If the present

case be affirmed, a construction of the statutory provision will result in this:

(a) A claim of appeal must be filed by some of the parties to the litigation within 20 days after decree is filed in order to give the court jurisdiction to entertain it.

(b) The failure of an appealing party to file his claim until after 20 days have elapsed, where the court has previously acquired jurisdiction, is an irregularity, which will bar his right to have his case considered unless the same has been waived.

It so clearly appears that the right to insist upon a dismissal of Mr. Lillie's appeal has been waived, I am of the opinion that the same conclusion should be reached upon the rehearing as was reached on the former hearing.

The decree is modified and affirmed.  Defendant Lillie will recover his costs of the rehearing.

STONE, J.  In view of Rule No. 61, lately promulgated by this court, I concur in the result.

STEERE, BROOKE, FELLOWS, and SHARPE, JJ., concurred with STONE, J.  MOORE, C. J., did not sit.

Justice KUHN took no part in this decision.