POTASCHNIK *v.* KAIMOLA.

1. APPEAL AND ERROR—MOTION FOR REHEARING DOES NOT EXTEND TIME FOR APPEAL.

The pendency of a motion for a rehearing in an equity case, under Circuit Court Rule No. 56, does not extend the statutory time for filing claim of appeal and paying the appeal fee.

2. SAME—STATUTES—JURISDICTION.

Where a claim of appeal was not filed within 20 days after the entry of decree, as provided in 3 Comp. Laws 1915, § 13754, the court has no jurisdiction to entertain the appeal; the provisions of the statute being mandatory.

3. COSTS.

Where the question of the jurisdiction of the court to entertain the appeal was raised for the first time on the hearing, instead of by motion to dismiss, no costs will be allowed appellee.

Appeal from Wayne; Mandell (Henry A.), J. Submitted October 26, 1921. (Docket No. 14.) Decided December 21, 1921.

Bill by Samuel Potaschnik against Leo Kaimola and another for the specific performance of a land contract. From a decree dismissing the bill, plaintiff appeals. Dismissed.

*Sanders & Metzger,* for plaintiff.

*John Kaminski* (*Barbour, Field & Martin,* of counsel), for defendants.

FELLOWS, J. The calendar entries in this case show that the decree which dismissed plaintiff's bill was filed and entered September 8, 1920; that the claim

of appeal was filed and the statutory fee of $5 was paid October 16th, more than 20 days after the entry of the decree; that on September 28th "motion for new trial" (probably intended to mean motion for rehearing) was filed. It is insisted by the appellee that this court has not acquired jurisdiction due to the failure of appellant to comply with the provisions of section 19, chapter 50, of the judicature act (3 Comp. Laws 1915, § 13754). This question is raised in the brief instead of by motion to dismiss. This statute has been before this court on several occasions. In *Guthrie* v. *Leelanau Circuit Judge*, 197 Mich. 321, we held that the provision requiring the payment of the appeal fee within 20 days was mandatory, and in *Munroe, Boyce & Co.* v. *Ward*, 207 Mich. 369, we held that the provision requiring the filing of claim of appeal within 20 days was likewise mandatory, and that this court was without jurisdiction to entertain the appeal. In *Gundick* v. *Gundick*, 208 Mich. 34, where the decree was filed April 18th and was amended on May 12th, we said:

"The record in the present case does not show that any notice of appeal had been filed and no claim is made to that effect, and at the time the amended decree was filed it was too late to file such notice of appeal. 3 Comp. Laws 1915, § 13754."

For cases under earlier and analogous statutes see *Weed* v. *Lyon*, Walk. Ch. 77; *Portage Lake, etc., Canal Co.* v. *Haas*, 20 Mich. 326; *Carney* v. *Baldwin*, 95 Mich. 442; *Trombly* v. *Klersy*, 139 Mich. 311; *Thompson* v. *McKay*, 154 Mich. 228; *Lum* v. *Fairbanks*, 155 Mich. 23; *Perkins* v. *Perkins*, 173 Mich. 690.

In *Bolton* v. *Cummings*, 200 Mich. 234, where the writ of error was not taken out until after the statutory period had expired, we said:

"The right of appeal is statutory; unless taken within the time fixed by the statute the appellate court

does not acquire jurisdiction; jurisdiction is not acquired by waiver or consent.    Section 13741, 3 Comp. Laws 1915; *Riley* v. *Railway*, 163 Mich. 327.    This court should, of its own motion, dismiss a case which the record discloses it has not the jurisdiction to hear and determine.    *J. F. Hartz Co.* v*. Lukaszcewski, ante*, 230."

By Circuit Court Rule No. 56 provision is made for rehearings in equitable actions.    This is analogous to motions for a new trial on the law side of the court. But in *Buckley* v. *Sutton*, 38 Mich. 1, and in *Hill* v. *Hill*, 114 Mich. 599, it was held that the pendency of a motion for new trial did not extend the time for taking out a writ of error.    See, also, *Foster* v. *Foster*, 176 Mich. 379.    By analogy we should likewise hold that the pendency of the motion for a rehearing does not extend the statutory time for filing claim of appeal and paying the appeal fee.

The mandatory provisions of the statute not having been complied with, this court has not acquired jurisdiction by the attempted appeal and it must be dismissed.    As appellee did not raise the question until the hearing, no costs will be allowed.

STEERE, C. J., and MOORE, WIEST, STONE, CLARK, BIRD, and SHARPE, JJ., concurred.