STEIN v. STEIN.

1. APPEAL AND ERROR—DELAYED APPEAL—DISMISSAL.
   A motion to dismiss a cross-appeal not made within the statutory period must be granted, although counsel had an agreement by which a delayed appeal might be made.

2. DIVORCE—ALIMONY.
   A decree of divorce in favor of the wife granting her the use of certain real estate owned by the entireties but silent as to the final disposition of same and as to her dower interest, is modified on appeal, by ordering the property sold, and after paying the wife the two years' rental value, her costs, and attorney's fee, dividing the balance equally between the parties.

Appeal from Wayne; Mandell (Henry A.), J. Submitted April 10, 1923. (Docket No. 45.) Decided June 4, 1923.

Bill by Jennie Stein against Joseph Stein for a divorce. From a decree for plaintiff, defendant appeals. Modified and affirmed.

*George B. Murphy*, for plaintiff.

*George M. Lehman*, for defendant.

MOORE, J. This is a bill for divorce. Defendant filed an answer in the nature of a cross-bill. The parties were married February 5, 1912. There are two children, a daughter 8 years of age and a son 4 years old. Plaintiff is 31 and defendant is 42 years old. The cause was heard February 23, 1922. The decree was filed the 5th day of June, 1922. It granted the plaintiff's prayer for divorce and dis-

missed the cross-bill. Within the statutory period, defendant filed his claim of appeal.

On October 16th, the plaintiff filed a cross-appeal. Later a motion was made to dismiss the cross-appeal because it was too late, counsel citing *Guthrie* v. *Leelanau Circuit Judge,* 197 Mich. 321; *Monroe, Boyce & Co.* v. *Ward,* 207 Mich. 369; *Potaschnik* v. *Kaimola,* 216 Mich. 406. In opposition to this motion it was shown that for satisfactory reasons the counsel who represented the parties at the trial were succeeded about October 1st by the present counsel. It was also shown that the former counsel had an agreement by which a delayed appeal might be made. As counsel now insists on the motion to dismiss the delayed appeal we find ourselves obliged to grant it, but in view of the circumstances will do so without costs of the motion.

We quote part of the decree:

"* * * doth hereby order, adjudge and decree that the marriage between the plaintiff, Jennie Stein, and the said defendant, Joseph Stein, be dissolved and the same is hereby dissolved accordingly and an absolute divorce from the bonds of matrimony is hereby decreed unto the plaintiff, Jennie Stein. And it is further ordered, adjudged and decreed that the plaintiff shall have the care, custody and control of Emma Stein and Robert Stein until they shall have attained the age of sixteen years. Said defendant to have the right to visit said children for two hours Thursdays and Saturdays of each week.

"And it is further ordered, adjudged and decreed that the following described parcel of land now held by the parties hereto as tenants by the entireties, * * * including the household goods therein, is hereby set over unto the plaintiff, Jennie Stein, as and for her sole and exclusive use and enjoyment for a period of two years from the date hereof. Said defendant to pay all interest accrued or to accrue during said period on the mortgage now on said premises.

"And it is further ordered that the cross-bill of

said defendant be dismissed, and that said defendant shall pay unto the clerk of this court the sum of five dollars per week for each and every week hereafter, the first payment to be made upon the date of the signing and filing of this decree for the use of the plaintiff in the support and maintenance of the minor children of the parties, until they shall have attained respectively the age of sixteen years or until the further order of the court.

"And it is further ordered that the said defendant do pay unto Frederick Miller, attorney for the plaintiff, the sum of one hundred dollars as and for his fees in this cause forthwith."

It will be noticed that nothing is said about what is to become of the property at the end of two years or about the dower interest of the plaintiff.

We quote from the brief of appellant's counsel:

"Inasmuch as efforts to effect a reconciliation between the parties were ineffectual and unavailing, and as it appears that plaintiff will not live with defendant, we think that it is perhaps for the best interests of all concerned that the decree of divorce be permitted to stand, and will confine our appeal solely to the question of alimony."

Counsel says:

"The decree as signed by the trial court does not fully dispose of the property owned by the respective parties; is fatally deficient and defective in that it does not contain a provision that the award therein made to plaintiff should be in full satisfaction of all dower and dower rights which she might have in any property which the said defendant then had or might thereafter acquire, or in which he has or may hereafter acquire any interest (which provision the statute provides must be inserted in every decree of divorce). * * * We feel that the property should have been ordered sold, and the proceeds divided in such proportions as the court might think just. The chancellor having made no division, the law would give plaintiff one-half. That in our opinion would be more than plain-

tiff should receive under the circumstances disclosed by this record."

There was testimony that the property owned by the entireties was worth from $6,000 to $10,000 subject to an $1,100 mortgage. It was also shown the parties had a mortgage on Toledo property of about $1,100 and that defendant had in the bank about $600. The value of the household goods was not shown.

Counsel cites section 11436, 3 Comp. Laws 1915, which provides:

"When any decree of divorce is hereafter granted in any of the courts of this State, it shall be the duty of the court granting such decree to include in it a provision in lieu of the dower of the wife in the property of the husband, and such provision shall be in full satisfaction of all claims that the wife may have in any property which the husband owns or may thereafter own, or in which he may have any interest."

Counsel also cites section 11438, 3 Comp. Laws 1915. It provides in part that the court

"may award such lands to one or the other of said parties, or any part of it to either of them, or may order such lands to be sold under the direction of a circuit court commissioner, and the proceeds thereof divided between the parties in such proportion as the court shall order; or may appoint commissioners to partition such lands between said parties in the proportion fixed by the decree."

Counsel urges that the land be sold and the proceeds divided equally. We agree with counsel that the land should be sold, but we do not agree with him that the amount awarded to the plaintiff should be decreased. As the plaintiff was given the use of the property and the furniture for two years, we think she should have in lieu of the possession of the real estate its rental value which at a moderate estimate would be $600 a year.

As the defendant is given the money in the bank

and the Toledo mortgage, the plaintiff may be decreed to have the furniture in the house and this award of alimony will be in lieu of all dower rights. The real estate may be sold and after payment of the alimony of the plaintiff and her costs, including an attorney fee of $50, the balance may be equally divided between the parties. The plaintiff will be given a lien on the proceeds of the sale to satisfy a decree which may be entered in the case in accordance with this opinion. We think the allowance for the children was small, but that can be remedied later in the manner provided by the statute.

FELLOWS, MCDONALD, CLARK, BIRD, SHARPE, and STEERE, JJ., concurred. WIEST, C. J., did not sit.