## THOMAS CARNEY v. JAMES BALDWIN.

*Equity practice—Sale of lands delinquent for taxes—Appeal—Dismissal.*

1. The failure to have a case settled by the circuit judge, on an appeal from a decree in proceedings for the sale of lands delinquent for taxes, is not good ground for the dismissal of the appeal, under the tax law of 1891.

2. A failure to claim an appeal and file a bond within 20 days after the making and entering of a decree in tax proceedings, as required by section 61 of the law of 1891, is good ground for the dismissal of the appeal.

Motion by petitioner to dismiss an appeal from a decree in proceedings for the collection of delinquent taxes. Argued April 4, 1893. Granted April 28, 1893. The facts are stated in the opinion.

*L. McHugh,* for motion.

*W. T. Bope, contra.*

LONG, J. The Auditor General of the State filed his petition in the circuit court of Bay county, in chancery, for the sale of lands for delinquent taxes, under the provisions of Act No. 195, Laws of 1889. A notice was published, as required by the statute, that the petition would be brought to the attention of the court on the first Tuesday of March, 1891, and a decree asked for a sale of the lands on the first Monday of May thereafter. Among the lists of lands delinquent for taxes for the year 1888 was lot 6, block 78, plat of Lower Saginaw. A subpœna was issued, directed to Patrick Carney, as the owner of this land, and the return of the subpœna shows that it was served upon Mrs. Patrick Carney, administratrix, by delivering to her a copy thereof, and at the same time showing her the original, with the seal of the court impressed thereon. No person appeared to defend against the petition, and a decree was entered ordering a sale of the land. On May 4, 1891, the land was offered for sale under the decree, and bid off by the county treasurer, for the State, for want of bidders. August 22, 1892, James Baldwin paid to the State the amount bid, and interest, and a tax deed was issued to him therefor.

Thomas Carney, the petitioner here, on September 12, 1892, filed a supplemental petition in the same cause in the circuit court, in chancery, for Bay county, asking the court to set aside the decree of sale, and the deed issued to James Baldwin. The supplemental petition sets forth that the petitioner is the son and one of the heirs at law of Patrick Carney, against whom the tax was assessed, and that Patrick Carney died in August, 1886; that previous to his death he made a will devising to his wife the custody

and control of all his property during her life-time, with the remainder over to his children; that at the time the decree of sale was made the petitioner was under the age of 21 years; and that no subpoena was served upon him or the other heirs at law, nor upon the petitioner's guardian, all of whom were residents of Bay county at the time of the filing of the Auditor General's petition and at the time of the making of the decree. He also alleged that there was sufficient personal property upon the premises at the time of the assessment of taxes, and up to the time of the sale of the land for the same, out of which the tax could have been collected. Several other reasons are set up in the supplemental petition why the tax sale and deed should be set aside, which are not necessary to mention in the present proceeding.

The supplemental petition came on to be heard, James Baldwin, the defendant here, appearing in the cause. The court made a supplemental decree setting aside the tax sale, and the deed given to Baldwin.

This decree was entered November 14, 1892, and was conditioned that Thomas Carney pay to the county treasurer of Bay county, within 30 days after the date thereof, the sum of $48.99, and interest thereon at 1 per cent. for each month and fraction of a month, from and including the month of June, 1891, to the date of payment, and file the county treasurer's receipt therefor with the register of the court; and provided that, upon complying with such terms, a further order or decree would be made, directing that the sale of the land to the State, and the conveyance thereof to Baldwin, be set aside; but that, in case of failure to make such payment within the time aforesaid, the supplemental petition would be dismissed. From this decree James Baldwin filed a claim of appeal with the register of that court December 1, 1892, and on the 12th of Decem-

ber filed a bond on appeal, approved by the circuit court. A motion is now made in this Court by Thomas Carney to. dismiss the appeal upon the grounds:

1. That such appeal was not claimed and perfected within 20 days after the final order and decree appealed from were made and entered in the cause.

2. That no case was settled on such appeal, as provided and required by law.

3. That the said Baldwin had no right to appeal from such decree.

Act No. 200, Laws of 1891, provides for appeals in tax cases. Section 61 of that act provides:

"The proceedings where the validity of any tax is in dispute shall, where no other provision is made herein, follow the ordinary chancery practice, and the court may allow amendments as in ordinary cases. Notice shall be given of all appeals to the Supreme Court; and such appeal shall be claimed, entered, and bond for costs given within twenty days after the making and entering of the decree. When the appeal is taken in behalf of the State, county, or township, no bond shall be required. The judge shall, at the request of either party, and on due notice, settle, in proper form, a case containing so much of the record and proceedings as may be necessary to the due understanding thereof by the Supreme Court, and if appeal shall be taken such case shall be transmitted to. such Court," etc.

It is conceded that no case was settled as provided by the act. In *Wright v. Dudley*, 8 Mich. 74, it was held that in ordinary chancery appeals either party has the right to procure a case to be settled, and if the appeal be. regularly taken, and neither party take steps to have a case made and settled, the cause will stand for hearing without the testimony, and it will then devolve upon the appellant to show that the decree is not warranted by the pleadings, the presumption being that there was evidence below to authorize it. It is evident, therefore, that the appeal cannot be dismissed on this motion because no case was made and settled.

We think, however, that the claim of appeal, and the appeal-bond, must be filed within the time fixed by the act of 1891, above cited, and that the statute relative to other chancery appeals does not apply to appeals under tax proceedings, which must be claimed, and the bond filed, within 20 days after making and entering decree. This was not done, and for that reason the appeal cannot stand in this Court.

Appeal dismissed, with costs.

The other Justices concurred.