*In re* PETITION OF AUDITOR GENERAL.

*In re* UTILITIES OPERATING CO.

1. TAXATION—PAYMENT OF DECREE CONDITION PRECEDENT TO APPEAL.
   Payment of decree sustaining validity of tax is jurisdictional condition precedent to appeal under 1 Comp. Laws 1915, § 4064, which may be neither waived by counsel nor dispensed with by court.

2. APPEAL AND ERROR—JURISDICTION—PAYMENT OF DECREE.
   Where taxpayer appealing from decree sustaining validity of tax did not pay decree as required by 1 Comp. Laws 1915, § 4064, Supreme Court is without jurisdiction, and appeal is dismissed.

Appeal from Van Buren; Warner (Glenn E.), J. Submitted October 23, 1930. (Docket No. 142, Calendar No. 34,715.) Decided December 2, 1930.

Petition by Oramel B. Fuller, auditor general, for the sale of certain delinquent tax lands. The Utilities Operating Company, a Michigan corporation, filed objections. From decree for plaintiff, defendant appeals. Dismissed.

*Wilber M. Brucker,* Attorney General, and *Lewis R. Williams,* Prosecuting Attorney, for plaintiff.

*Ryall & Frost,* for defendant.

CLARK, J.   The auditor general filed in the circuit court in chancery his petition for the sale of certain lands for taxes assessed thereon for the year 1926 and previous years.   The Utilities Operating Company, a Michigan corporation, filed objections as to taxes assessed against certain of its lands in South Haven.   Decree was entered in favor of the validity of the taxes.   Defendant's appeal is attacked as being fatally defective and insufficient to invoke jurisdiction to review.

The statute (1 Comp. Laws 1915, § 4064):

"In case a decree is given in favor of the validity of any disputed tax, and the person contesting its validity desires to appeal to the Supreme Court, he shall be allowed to do so on paying the amount of the decree to the county treasurer, within ten days after the date of such decree, who shall retain the same until the decision of the Supreme Court, and pay the same to the party interested; if such tax is held invalid; if held valid, then such money shall be credited to the proper fund.   By such payment the land in question shall be discharged from the lien of the tax.   *   *   *

"The proceedings where the validity of any tax is in dispute shall, where no other provision is made herein, follow the ordinary chancery practice, and the court may allow amendments as in ordinary cases.   Notice shall be given of all appeals to the Supreme Court, and such appeal shall be claimed, entered and bond for costs given, within 20 days after the making and entering of the decree."

Defendant did not pay amount of the decree, neither did it give bond.   We consider the failure to pay.

In ordinary chancery practice, the statutory requirements that claim of appeal be filed and appeal fee paid within 20 days have been held to be mandatory. *Guthrie* v. *Leelanau Circuit Judge,* 197 Mich. 321; *Munroe, Boyce & Co.* v. *Ward,* 207 Mich. 369; *Wolverine Packing Co.* v. *Oceana Circuit Judge,* 249 Mich. 599; 3 Comp. Laws 1915, § 13754. And that when the claim of appeal was not filed in time, this court had no jurisdiction to entertain the appeal. *Potaschnik* v. *Kaimola,* 216 Mich. 406. But defendant argues a tendency to depart from the severity of such holdings and urges that the statute before us should be construed as not mandatory, and payment of the amount of the decree not a jurisdictional prerequisite.

This is not a suit between private parties. It involves a public matter. Payment of taxes is necessary to the existence of the government. It is apparent that the legislative purpose in requiring payment of the amount of the decree by one desiring to appeal was to discourage appeals made without merit or for the purpose of delay. And practical considerations of public policy favor the early discharge of lands from tax liens. The legislature attached this condition in granting the right of appeal, as it had unquestioned authority to do.

We have no doubt that payment of the amount of the decree is a jurisdictional condition precedent to appeal, which may be neither waived by counsel nor dispensed with by court. *Carney* v. *Baldwin,* 95 Mich. 442; 37 Cyc. p. 1318; *People* v. *Vogt,* 262 Ill. 170 (104 N. E. 226).

Appeal dismissed, with costs.

WIEST, C. J., and BUTZEL, MCDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.