# STATE OF MICHIGAN

# COURT OF APPEALS

In re PETITION OF BERRIEN COUNTY
TREASURER FOR FORECLOSURE.

---

BERRIEN COUNTY TREASURER,

      Petitioner-Appellee,

v

NEW PRODUCTS CORP,

      Respondent-Appellant.

FOR PUBLICATION
April 10, 2018
9:00 a.m.

No. 330795
Berrien Circuit Court
LC No. 2014-000170-CZ

---

Before: HOEKSTRA, P.J., and STEPHENS and SHAPIRO, JJ.

PER CURIAM.

This foreclosure action is before the Court on remand from the Michigan Supreme Court to consider "whether MCL 211.78k(7) requires payment of the full amount due for all tax parcels listed in a judgment of foreclosure as a condition of appeal where the taxpayer does not seek to challenge the foreclosures for all of the parcels." *In re Petition of Berrien County Treasurer*, 500 Mich 902; 887 NW2d 633 (2016). We conclude that it does not.

## I. BACKGROUND

Respondent challenged petitioner's June 13, 2014 prayer for the tax foreclosure of six of seven property tax parcels[1] comprising 12 acres at 489 North Shore Drive, Benton Harbor, Michigan for unpaid taxes for tax years 2008 through 2012. On November 3, 2014, respondent filed objections to foreclosure of those parcels. All seven of the North Shore properties were removed from the annual petition for foreclosure. Thereafter, the parties filed cross-motions for summary disposition on the respondent's objections. The circuit court granted petitioner's MCR 2.116(C)(4) motion for lack of subject matter jurisdiction because it agreed that the tax tribunal

---

[1] Tax ID Nos.: 11-54-0018-0021-02-9; 11-54-0018-0021-01-1; 11-54-0018-0025-00-8; 11-54-0018-0025-02-4; 11-54-0018-0025-01-6; 11-54-0018-0025-03-2; 11-54-0018-0024-00-1. Respondent does not challenge the foreclosure of property tax parcel No. 11-54-0018-0025-02-4, and has allowed the foreclosure process to proceed regarding that parcel only.

had exclusive and original jurisdiction to make the fact-findings necessary to resolve respondent's objections. The court also held that respondent lacked standing to assert the notice rights of third parties Modern Plastics and the Walter Miller Trust. A Judgment of Foreclosure of all of the North Shore properties was entered on May 20, 2015. The court entered a stay of the enforcement of the Judgment:

> until (a) the Michigan Court of Appeals has reversed, modified, or affirmed the same, and the Michigan Court of Appeals' decision has become final; or (b) until the period by which New Products Corporation may file a claim of appeal has expired without any such claim of appeal having been filed, whichever occurs first. If an appeal is timely filed, the 21-day period for payment of all forfeited delinquent property taxes, interest, penalties and fees shall begin upon expiration of the stay.

Respondent appealed as of right the circuit court's May 2015 Judgment of Foreclosure and the underlying grant of the motions for summary disposition. Petitioner, in turn, filed a motion for partial peremptory reversal arguing that the circuit court's stay of enforcement of the judgment allowed respondent to file a claim of appeal without having paid the full amount owed on the judgment of foreclosure as required under MCL 211.78k. In lieu of granting the motion, this Court vacated the May 2015 judgment of foreclosure:

> . . .The trial court committed manifest error. MCL 211.78k(7) specifically and unambiguously provides for an appeal of right from a judgment of foreclosure entered under this statutory foreclosure scheme, provided the appellant pays to the county treasurer the amount due on the property within 21 days after entry of the judgment. When granting the right to appeal, the Legislature possesses the "unquestioned authority" to impose as a "jurisdictional condition precedent" to an appeal the condition of payment of the amount of a delinquent tax decree and this condition precedent "may be neither waived by counsel nor dispensed with by court.'" *In re Petition of Auditor General*, 252 Mich 367, 368-369; 233 NW 348 (1930). We REMAND this matter to the trial court for entry of a new judgment of foreclosure that does not include a provision that relieves New Products Corporation of its statutory obligation to pay the amount owed under the judgment as a condition to appealing. The May 20, 2015 order having been vacated, plaintiff's appeal and defendant's cross appeal are DISMISSED as MOOT. The parties may appeal from the new judgment in accordance with MCL 211.78k(7) and the applicable court rules. This order has immediate effect. MCR 7.2 1 5(F)(2). [*In re Petition of Berrien County Treasurer for Foreclosure*, unpublished order of the Court of Appeals, Docket No. 327688, issued June 10, 2015].

On remand, the circuit court entered a July 27, 2015 amended judgment of foreclosure:

> . . . that this Amended judgment is stayed until the period by which New Products Corporation may file a claim of appeal from this amended judgment has expired without any such claim of appeal having been filed. If an appeal is filed as to any particular parcel(s), then this Amended Judgment shall be stayed as to the

parcel(s) under appeal until the Michigan Court of Appeals has reversed, modified or affirmed the same, and the Michigan Court of Appeals' decision has become final, provided that New Products Corporation complies with MCL 211.78k(7).

On August 14, 2015, respondent paid $35,436.87 to redeem five of the seven parcels and filed a claim of appeal from the Amended Judgment initiating this appeal. Petitioner again filed a motion to dismiss with this Court arguing that respondent had not paid the full amount due under the judgment as required under MCL 211.78k. This Court granted respondent's motion to dismiss, explaining:

> . . .[T]he motion to dismiss this appeal is GRANTED because appellant has failed to pay the amount determined to be due to the county treasurer under the July 27, 2015 amended judgment of foreclosure as required by the plain language of MCL 211.78k(7) for it to pursue this appeal. We must apply this requirement of MCL 211.78k(7) in accordance with its plain and ordinary meaning which requires payment of the full amount due under the judgment as a condition for an appeal, not merely a partial payment. See *Spectrum Health Hospitals v Farm Bureau Mutual Ins Co of Michigan*, 492 Mich 503, 515; 821 NW2d 117 (2012) (regarding requirement to apply statutory language in accordance with its plain and ordinary meaning). In this regard, that MCL 211.78k(7) requires payment of "the amount" determined to be due under the judgment reflects that only one amount is contemplated which can only be the one amount, i.e., the full amount, due under the judgment. See *Robinson v Detroit*, 462 Mich 439, 461-462; 613 NW2d 307 (2000) (discussing meaning of definite article "the"). Because dismissal is required due to appellant's failure to pay the amount determined to be due under the judgment appealed from we do not need to reach the other issues raised by the parties. [*In re Petition of Berrien County Treasurer for Foreclosure*, unpublished order of the Court of Appeals, Docket No. 330795, issued March 2, 2016].

Respondent filed an application for leave to appeal and a motion for immediate consideration with our Supreme Court on June 1, 2016. In lieu of granting leave to appeal, the Supreme Court issued the following order:

> On order of the Court, the motion for immediate consideration is GRANTED. The application for leave to appeal the March 2, 2016 order of the Court of Appeals is considered and, pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we VACATE that part of the Court of Appeals order granting the motion to dismiss the appeal, and REMAND this case to the Court of Appeals for plenary consideration as on leave granted of whether MCL 211.78k(7) requires payment of the full amount due for all tax parcels listed in a judgment of foreclosure as a condition of appeal where the taxpayer does not seek to challenge the foreclosures for all of the parcels. If the Court of Appeals concludes that MCL 211.78k(7) does not impose such a requirement, it shall reinstate the appeal and proceed in accordance with MCR 7.204. [*In re Petition of Berrien Co Treasurer*, 500 Mich 902; 887 NW2d 633 (2016), reconsideration den sub nom. *In re Berrien Co Treasurer for Foreclosure*, 500 Mich 963; 892 NW2d 363 (2017)].

On remand, this Court entered an order permitting the parties to file briefs addressing only the threshold question in the Supreme Court's order. Thereafter, this Court issued the following order that defined the scope of the current appeal:

On its own motion, the Court orders that, on further consideration of the December 7, 2016 Michigan Supreme Court order in this matter, this appeal is REINSTATED so that this matter may receive plenary consideration by a case call panel of this Court. Thus, the motion to dismiss this appeal is DENIED without prejudice to the parties addressing in their briefs on appeal for the case call panel the jurisdictional issue of whether MCL 211.78k(7) requires payment of the full amount due for all tax parcels listed in a judgment of foreclosure as a condition of appeal where the taxpayer does not seek to challenge the foreclosures for all of the parcels and any other issue that the parties may consider relevant to this Court's jurisdiction. . . . [*In re Petition of Berrien County Treasurer for Foreclosure*, unpublished order of the Court of Appeals, Docket No. 330795, issued March 9, 2017].

## II. STATUTORY INTERPRETATION

### A. STANDARD OF REVIEW

"Statutory interpretation is a question of law, which this Court reviews de novo." *New Properties, Inc v George D Newpower, Jr, Inc*, 282 Mich App 120, 138; 762 NW2d 178 (2009).

"When interpreting the meaning of a statute, our primary goal is to discern the intent of the Legislature by first examining the plain language of the statute." *Driver v Naini*, 490 Mich 239, 246-247; 802 NW2d 311, 316 (2011). "[W]e consider both the plain meaning of the critical word or phrase as well as 'its placement and purpose in the statutory scheme.' " *Sun Valley Foods Co v Ward*, 460 Mich 230, 237; 596 NW2d 119 (1999) quoting *Bailey v United States*, 516 US 137, 145; 116 S Ct 501; 133 L Ed 2d 472 (1995). "If the language of a statute is clear and unambiguous, the statute must be enforced as written and no further judicial construction is permitted." *Whitman v City of Burton*, 493 Mich 303, 311; 831 NW2d 223 (2013). "Courts must give effect to every word, phrase, and clause in a statute and avoid an interpretation that would render any part of the statute surplusage or nugatory." *State Farm Fire & Cas Co v Old Republic Ins Co*, 466 Mich 142, 146; 644 NW2d 715 (2002). "Statutory language should be construed reasonably, keeping in mind the purpose of the act." *Twentieth Century Fox Home Entertainment, Inc v Dept of Treasury*, 270 Mich App 539, 544; 716 NW2d 598 (2006) (quotation marks and citation omitted).

### B. ANALYSIS

A person claiming an interest in the foreclosed property may elect to redeem the property after entry of final judgment, MCL 211.78k(5)[2], allow its foreclosure by the taxing unit, MCL 211.78k(6)[3], or appeal the judgment, MCL 211.78k(7).

_____

[2] MCL 211.78k(5)(b) provides:

MCL 211.78k(7) provides:

(7) The foreclosing governmental unit or a person claiming to have a property interest under section 78i in property foreclosed under this section may appeal the circuit court's order or the circuit court's judgment foreclosing property to the court of appeals. An appeal under this subsection is limited to the record of the proceedings in the circuit court under this section and shall not be de novo. The circuit court's judgment foreclosing property shall be stayed until the court of appeals has reversed, modified, or affirmed that judgment. If an appeal under this subsection stays the circuit court's judgment foreclosing property, the circuit court's judgment is stayed only as to the property that is the subject of that appeal and the circuit court's judgment foreclosing other property that is not the subject of that appeal is not stayed. *To appeal the circuit court's judgment foreclosing property, a person appealing the judgment shall pay to the county treasurer the amount determined to be due to the county treasurer under the judgment* on or before the March 31 immediately succeeding the entry of a judgment foreclosing the property under this section, or in a contested case within 21 days of the entry of a judgment foreclosing the property under this section, together with a notice of appeal. If the circuit court's judgment foreclosing the property is affirmed on appeal, the amount determined to be due shall be refunded to the person who appealed the judgment. If the circuit court's judgment foreclosing the property is reversed or modified on appeal, the county treasurer shall refund the amount determined to be due to the person who appealed the judgment, if any, and retain the balance in accordance with the order of the court of appeals. [Emphasis added].

The italicized language is at issue here.

---

That fee simple title to property foreclosed by the judgment will vest absolutely in the foreclosing governmental unit, except as otherwise provided in subdivisions (c) and (e), without any further rights of redemption, if all forfeited delinquent taxes, interest, penalties, and fees are not paid on or before the March 31 immediately succeeding the entry of a judgment foreclosing the property under this section, or in a contested case within 21 days of the entry of a judgment foreclosing the property under this section.

[3] MCL 211.78k(6) provides in pertinent part:

. . .fee simple title to property set forth in a petition for foreclosure filed under section 78h on which forfeited delinquent taxes, interest, penalties, and fees are not paid on or before the March 31 immediately succeeding the entry of a judgment foreclosing the property under this section, or in a contested case within 21 days of the entry of a judgment foreclosing the property under this section, shall vest absolutely in the foreclosing governmental unit, and the foreclosing governmental unit shall have absolute title to the property, . . .

According to MCL 211.78k(7), when a person claiming to have a property interest in the foreclosed property appeals the judgment foreclosing the property, the "judgment is stayed only as to the property that is the subject of that appeal." The statute states that, "the circuit court's judgment foreclosing other property that is not the subject of that appeal is not stayed." MCL 211.78k(7). Given the statutory scheme in sections (5) and (6), the property for which a stay is not issued proceeds through the foreclosure process and the portion of the original judgment amount applicable to property subject to the stay of execution is the amount appealed. MCL 211.78k(5), (6). The process for perfecting that appeal is discussed in the next section of the statute:

> To appeal the circuit court's judgment foreclosing property, a person appealing the judgment shall
>
> 1) pay to the county treasurer the amount determined to be due to the county treasurer under the judgment
>
> 2) on or before the March 31 immediately succeeding the entry of a judgment foreclosing the property under this section, or
>
> 3) in a contested case within 21 days of the entry of a judgment foreclosing the property under this section,
>
> 4) together with a notice of appeal.

This Court's March 2016 Order dismissing respondent's appeal did so by emphasizing the definite article "the" before the singular noun "amount" to conclude that, "*the amount* determined to be due to the county treasurer under the judgment" meant the full amount under the judgment.[4] MCL 211.78k(7) (emphasis added). Nowhere in MCL 211.78k(7) is there a reference to the "full amount," however. In contrast, MCL 211.78k(7) differentiates property subject to the stay or "the subject of that appeal" from "other property that is not the subject of that appeal" and "is not stayed." As a result, the part of the judgment that proceeds to appeal is the part that was appealed and stayed for the purpose of appeal. It is true that "[w]here the Legislature wishes to refer to a particular item, not a general item, it uses the word 'the,' rather than 'a' or 'an.' " *Barrow v City of Detroit Election Comm*, 301 Mich App 404, 414; 836 NW2d 498 (2013). In this case, the statutory language providing that "a person appealing *the* judgment shall pay to the county treasurer *the* amount determined to be due under *the* judgment" connotes the specific amount determined due by the treasurer for the property under foreclosure that is being appealed. MCL 211.78k(7). Accordingly, MCL 211.78k(7) does not require a taxpayer to pay the full amount due for all tax parcels listed in an original judgment of foreclosure as a condition of appeal where the taxpayer does not seek to challenge the foreclosures for all of the parcels.

---

[4] *In re Petition of Berrien County Treasurer for Foreclosure*, unpublished order of the Court of Appeals, Docket No. 330795, issued March 2, 2016.

The appeal before this Court concerns Parcel 00-8 for which the respondent has made no payments. The Supreme Court pointedly asked us to resolve whether payment of the entire judgment amount was required to maintain an appeal. Our answer is simply that the payment of the amount owed for parcels that are the subject of the appeal must be paid in their entirety.

That being said, respondent is still required to pay the amount due under the Amended Judgment of Foreclosure for Parcel 00-8 to appeal issues related to the foreclosure of that property to this Court. After the circuit court entered the Amended Judgment, respondent redeemed five parcels by paying the amount due under the Amended Judgment for those parcels[5] and allowed one parcel to be foreclosed. This left one parcel, Parcel 00-8, as the subject of appeal. Respondent did not pay the amount due for Parcel 00-8, and argues it was not required to do so. Its reason for not paying the $483,803.75 in taxes due on Parcel 00-8 has no statutory support in either MCL 211.78k or otherwise. Respondent asserts it "did not pay, and was not legally required to pay, the $483,803.75 claimed to be due for Parcel No. 00-8, because there was never any separate property tax assessment for the Walter Miller Property." While this may be true and a valid reason to appeal a judgment to the contrary, we lack jurisdiction to consider the legal argument because again, respondent has not paid the amount due for this parcel as a condition of appeal. Respondent's additional argument for not paying the amount due for Parcel 00-8 as a condition of appeal is that payment of the $483,803.75 due under the judgment of foreclosure for this parcel would create a hardship. There is no hardship exception in MCL 211.78k however, that would allow respondent to circumvent the requirements for perfecting his appeal. Because the appeal is not perfected, we decline to discuss the merits of respondent's arguments on jurisdiction and standing.

Respondent's appeal is dismissed.

/s/ Joel P. Hoekstra
/s/ Cynthia Diane Stephens
/s/ Douglas B. Shapiro

---

[5]Recall that respondent challenged the property descriptions for these parcels as overlapping, resulting in double taxation, gaps in the property and erroneous assessments. Respondent claims it paid the amounts due for the five parcels under protest. It abandoned any argument regarding these parcels on appeal however, where its focus is only on Parcel 00-8.