*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* PETITION OF BERRIEN COUNTY
TREASURER FOR FORECLOSURE.

---

BERRIEN COUNTY TREASURER,

        Petitioner-Appellee,

v

NEW PRODUCTS CORPORATION,

        Respondent-Appellant.

FOR PUBLICATION
March 10, 2022
9:10 a.m.

No. 352954
Berrien Circuit Court
LC No. 14-00170-CZ

---

Before: GADOLA, P.J., and MARKEY and MURRAY, JJ.

MARKEY, J.

In this case involving a tax foreclosure judgment encompassing multiple tax parcels of real property in which respondent, New Products Corporation (NPC), held a mortgage interest, NPC appeals by delayed leave granted[1] an opinion and order entered by the trial court in favor of petitioner, Berrien County Treasurer (the Treasurer). More specifically, the trial court's ruling lifted a stay that had been in place pending an earlier appeal by NPC, enforced a 2015 amended tax foreclosure judgment, and vested title of five disputed parcels with the Treasurer. We affirm.

## I. BACKGROUND

This case has a lengthy procedural and appellate background that was summarized in this Court's previous opinion in *In re Petition of Berrien Co Treasurer for Foreclosure*, 323 Mich App

---

[1] This Court initially denied NPC's delayed application for leave to appeal. *In re Petition of Berrien Co Treasurer for Foreclosure*, unpublished order of the Court of Appeals, entered June 22, 2020 (Docket No. 352954). Our Supreme Court, however, in lieu of granting NPC's application for leave to appeal, remanded the case to this Court for consideration as on leave granted. *In re Petition of Berrien Co Treasurer for Foreclosure*, 506 Mich 1024 (2020).

600, 602-607; 919 NW2d 288 (2018). For our purposes, it is not necessary to delve into the entire history of the case. To give context to our discussion, we initially note the language in MCL 211.78k(7), which provided as follows at the time of the foreclosure proceedings:

> The foreclosing governmental unit or a person claiming to have a property interest under section 78i in property foreclosed under this section may appeal the circuit court's order or the circuit court's judgment foreclosing property to the court of appeals. An appeal under this subsection is limited to the record of the proceedings in the circuit court under this section and shall not be de novo. The circuit court's judgment foreclosing property shall be stayed until the court of appeals has reversed, modified, or affirmed that judgment. If an appeal under this subsection stays the circuit court's judgment foreclosing property, the circuit court's judgment is stayed only as to the property that is the subject of that appeal and the circuit court's judgment foreclosing other property that is not the subject of that appeal is not stayed. To appeal the circuit court's judgment foreclosing property, a person appealing the judgment shall pay to the county treasurer the amount determined to be due to the county treasurer under the judgment on or before the March 31 immediately succeeding the entry of a judgment foreclosing the property under this section, or in a contested case within 21 days of the entry of a judgment foreclosing the property under this section, together with a notice of appeal. If the circuit court's judgment foreclosing the property is affirmed on appeal, the amount determined to be due shall be refunded to the person who appealed the judgment. If the circuit court's judgment foreclosing the property is reversed or modified on appeal, the county treasurer shall refund the amount determined to be due to the person who appealed the judgment, if any, and retain the balance in accordance with the order of the court of appeals. [2006 PA 611.[2]]

The instant case concerned seven tax parcels of real property that comprised the site of a former plastics company. NPC held a mortgagee interest in the parcels. The seven parcels went into foreclosure for unpaid taxes. Following some initial trial and appellate court proceedings, and on cross-motions for summary disposition, the trial court entered an amended judgment of foreclosure on July 27, 2015, relative to the seven parcels. The amended foreclosure judgment also contained a stay of the judgment; the court used stay-related language found in MCL 211.78k(7). On August 14, 2015, NPC delivered five certified checks to the Treasurer totaling $35,436.87, which covered all amounts owed under the foreclosure judgment with respect to five of the parcels. The accompanying letter from NPC's counsel indicated that "[t]hese taxes, penalties, and interest are being paid under protest," that NPC reserved the right to file an appeal with the Michigan Court of Appeals, and that "[a]ny refund should be paid to" NPC. In this Court's earlier opinion, the panel stated that the payment of $35,436.87 was made "to redeem five of the seven parcels," *Berrien Co Treasurer*, 323 Mich App at 605, and it later reiterated that NPC "redeemed five parcels by paying the amount due under the amended judgment," *id.* at 611. One

---

[2] MCL 211.78k was amended by 2016 PA 433, but subsection (7) was not altered. MCL 211.78k was again amended by 2020 PA 33, and there were only a couple of nonsubstantive changes to subsection (7).

-2-

of the issues in dispute in this appeal is whether the payment of $35,436.87 was a true unconditional redemption of the five parcels or whether the payment was simply made to perfect the appeal as required by MCL 211.78k(7).

On November 30, 2015, the trial court entered an order denying NPC's motion for reconsideration. On December 21, 2015, NPC filed a claim of appeal in this Court. NPC did not challenge the foreclosure relative to one of the seven parcels, and there is no dispute on that matter. See *Berrien Co Treasurer*, 323 Mich App at 603 n 1. It is also undisputed that NPC failed to pay the $483,803.75 owed under the amended foreclosure judgment with respect to another parcel. *Id.* at 612. And in regard to that particular parcel, NPC raised issues on appeal challenging the foreclosure, with the panel noting that this parcel was the sole "subject of appeal," *id.*, even though NPC had indicated in its appellate docketing statement that it planned to challenge the foreclosure judgment in regard to six of the seven parcels. NPC's appeal was rejected and dismissed for lack of jurisdiction pursuant to MCL 211.78k(7) because NPC did not pay the foreclosure judgment in connection with the parcel upon which $483,803.75 was owed as was necessary to perfect the appeal. *Id.*

With respect to the remaining five parcels for which NPC paid the amount owed under the amended judgment of foreclosure, $35,436.87, this Court ruled:

> [NPC] challenged the property descriptions for these parcels as overlapping, resulting in double taxation, gaps in the property, and erroneous assessments. [NPC] claims it paid the amounts due for the five parcels under protest. It abandoned any argument regarding these parcels on appeal, however, because its focus is only on Parcel 00-8[3]. [*Id.* at 611 n 5.]

This Court's earlier opinion was issued on April 10, 2018. *Id.* at 600. On May 22, 2018, the panel denied NPC's motion for reconsideration. *In re Petition of Berrien Co Treasurer for Foreclosure*, unpublished order of the Court of Appeals, entered May 22, 2018 (Docket No. 330795). A year later, on May 22, 2019, the Michigan Supreme Court denied NPC's application for leave to appeal. *In re Petition of Berrien Co Treasurer for Foreclosure*, 503 Mich 1032 (2019).

On June 6, 2019, counsel for the Treasurer e-mailed NPC's attorney asking whether further appellate relief would be pursued by NPC and, if not, indicating that the Treasurer, pursuant to MCL 211.78k(7), would immediately refund the amount that NPC had paid to the Treasurer in its attempt to perfect the appeal, $35,436.87. Later in the day on June 6, 2019, NPC's counsel responded that NPC was "still reviewing its options." In an e-mail dated August 20, 2019, sent to the Treasurer's attorney, NPC's lawyer requested a meeting to discuss the proposed refund of the $35,436.87, noted that NPC was still reviewing its options in regard to the parcel for which over $400,000 in unpaid taxes was owed, and observed that NPC had continued paying the taxes on the group of five parcels during the years of litigation. On September 13, 2019, NPC's counsel communicated to the Treasurer's attorney that NPC's position was that NPC had actually redeemed the five parcels in August 2015, that title thus never vested with the Treasurer, and that

---

[3] This is the parcel that had a tax liability of $483,803.75 under the foreclosure judgment.

no refund was triggered under MCL 211.78k(7) because this Court did not "affirm" the amended judgment of foreclosure but instead simply dismissed the appeal for lack of jurisdiction.

On November 4, 2019, the Treasurer moved for an order lifting the stay, enforcing the amended judgment of foreclosure, and vesting title in the Treasurer with respect to the five parcels. The Treasurer contended that NPC never unconditionally redeemed the five parcels, that title had vested with the Treasurer, and that the Treasurer was mandated to refund the $35,436.87 to NPC under MCL 211.78k(7) because the payment had been made merely in an effort to perfect the appeal. NPC responded by arguing that it redeemed the five parcels with the $35,436.87 payment back in August of 2015 and that the payment had to be treated as a redemption of the five parcels for a variety of reasons. The trial court rejected the various arguments posed by NPC in support of its redemption position. Because NPC repeats those arguments on appeal, we will discuss them and the trial court's reasons for rejecting the arguments. In its opinion and order, the trial court lifted the stay, enforced the 2015 amended tax foreclosure judgment, and vested title of the five disputed parcels with the Treasurer.[4] But the trial court stayed enforcement of its ruling pending this appeal.

## II. ANALYSIS

## A. NPC'S ARGUMENTS ON APPEAL

On appeal, NPC first argues that this Court found in the prior appeal that NPC timely redeemed the five parcels; therefore, under the law of the case doctrine, the trial court necessarily erred when it effectively rescinded the redemption.[5] Next, NPC contends that the trial court erred by effectively declaring for purposes of MCL 211.78k(7) that its amended judgment of foreclosure was "affirmed" in the earlier appeal when instead this Court actually dismissed the appeal for lack of jurisdiction. Consequently, there was no basis to lift the stay or for the Treasurer to refund the payment of $35,436.87 to NPC.[6] Further, NPC maintains that even if this Court's holding in the

---

[4] The trial court also vested title with the Treasurer in regard to the other two parcels.

[5] With respect to this argument, the trial court found that this Court's earlier opinion contained language suggesting both that the $35,436.87 payment on the five parcels was simply to perfect the appeal and to redeem the five parcels. Thus, the law of the case doctrine did not provide any guidance. The trial court then concluded that a single payment made to a treasurer to perfect an appeal under MCL 211.78k cannot later be used as the payment to redeem the property at issue. In other words, the same payment cannot be used to perfect an appeal and redeem property. On the basis of this determination, the trial court opined that it had to decide whether the $35,436.87 payment made in August 2015 was a payment to perfect the appeal or a redemption payment because it could not be both. Examining the documentary evidence, the trial court found that the payment was made to perfect the appeal, as NPC had fully intended to appeal the foreclosure judgment in regard to the five parcels. And once the appeal was finalized, the Treasurer was required to refund the $35,436.87 to NPC.

[6] With respect to this argument, the trial court concluded that the dismissal of the appeal for lack of jurisdiction *effectively* affirmed the amended judgment of foreclosure even if this Court's ruling

-4-

first appeal "affirmed" the trial court's foreclosure judgment, the General Property Tax Act (GPTA), MCL 211.1 *et seq.*, does not require a taxpayer to lose his or her property as a penalty for filing an appeal. Finally, NPC asserts that the Treasurer was equitably estopped from denying that NPC redeemed the five parcels given that the Treasurer continued to accept tax payments on the parcels for several years after the $35,436,87 payment was made.[7]

## B. STANDARD OF REVIEW AND PRINCIPLES OF STATUTORY CONSTRUCTION

The crux of this appeal concerns the interpretation of the GPTA. We review de novo issues of statutory construction. *Estes v Titus*, 481 Mich 573, 578-579; 751 NW2d 493 (2008). And with respect to the rules of statutory interpretation, this Court in *Slis v Michigan*, 332 Mich App 312, 335-336; 956 NW2d 569 (2020), observed:

> This Court's role in construing statutory language is to discern and ascertain the intent of the Legislature, which may reasonably be inferred from the words in the statute. We must focus our analysis on the express language of the statute because it offers the most reliable evidence of legislative intent. When statutory language is clear and unambiguous, we must apply the statute as written. A court is not permitted to read anything into an unambiguous statute that is not within the manifest intent of the Legislature. Furthermore, this Court may not rewrite the plain statutory language or substitute its own policy decisions for those decisions already made by the Legislature.

> Judicial construction of a statute is only permitted when statutory language is ambiguous. A statute is ambiguous when an irreconcilable conflict exists between statutory provisions or when a statute is equally susceptible to more than one meaning. When faced with two alternative reasonable interpretations of a word in a statute, we should give effect to the interpretation that more faithfully advances the legislative purpose behind the statute. [Quotation marks and citations omitted.]

"As far as possible, effect should be given to every phrase, clause, and word in the statute." *Bush v Shabahang*, 484 Mich 156, 167; 772 NW2d 272 (2009). Statutory language is to be read and understood in its grammatical context, except when it is clear that something different was intended. *Id.* A statute must be read as a whole, and individual phrases and words, although important, should be construed within the context of the entire scheme enacted by our Legislature. *Id.* "While defining particular words in statutes, we must consider both the plain meaning of the critical word or phrase and its placement and purpose in the statutory scheme." *Id.* A statutory

---

did not reach the merits of NPC's arguments and the substance of the foreclosure judgment. Therefore, according to the trial court, the Treasurer was compelled to issue a refund, and the court now had the authority to lift the stay.

[7] The trial court ruled that the payment of taxes on land is not dispositive of ownership and that a party making tax payments on land owned by another cannot vest title to the land with the taxpayer.

provision must be read in conjunction with other pertinent statutes so as to correctly ascertain legislative intent. *Id.*

## C. DISCUSSION

Under MCL 211.78k(5), "[a]ll redemption rights to . . . property expire on the March 31 immediately succeeding the entry of a judgment foreclosing the property . . ., or in a contested case 21 days after the entry of a judgment foreclosing the property . . . ." The instant dispute constituted a contested case; therefore, the remainder of our discussion will focus on the 21-day redemption period. "A [tax foreclosure] judgment . . . is a final order with respect to the property affected by the judgment and except as provided in subsection (7)[8] must not be modified, stayed, or held invalid after . . . 21 days [following] . . . the entry of [the] judgment foreclosing the property . . . ." MCL 211.78k(5)(g) (setting forth language that must be included in a foreclosure judgment).

MCL 211.78k(6) provides that fee simple title to property vests absolutely in the foreclosing governmental unit when delinquent taxes, interest, penalties, and fees on the property are not paid within 21 days of the entry of a foreclosure judgment.

MCL 211.78k(7) authorizes an appeal of a tax foreclosure judgment to this Court, mandates entry of a stay of the judgment solely with respect to property covered by the judgment if the property is the subject of the appeal, requires the stay to remain in place until this Court "has reversed, modified, or affirmed" the foreclosure judgment, and necessitates the payment to a treasurer of the amount owed under the judgment to perfect the appeal. With respect to perfecting an appeal, the payment to the treasurer must be made "within 21 days of the entry of a judgment foreclosing the property . . . ." MCL 211.78k(7). If the foreclosure judgment "is affirmed on appeal," the amount due under the judgment "shall" or "must" "be refunded to the person who appealed the judgment." *Id.*[9] On the other hand, "[i]f the circuit court's judgment foreclosing the property is reversed or modified on appeal, the county treasurer shall refund the amount determined to be due to the person who appealed the judgment, if any, and retain the balance in accordance with the order of the court of appeals." *Id.*

In discussing the relationship between subsections (5), (6), and (7) of MCL 211.78k, this Court explained that "[a] person claiming an interest in a foreclosed property may elect to redeem the property after entry of final judgment, MCL 211.78k(5), allow its foreclosure by the taxing unit, MCL 211.78k(6), or appeal the judgment in the Court of Appeals, MCL 211.78k(7)." *Berrien Co Treasurer*, 323 Mich App at 608 (footnotes omitted). We do not believe that this Court meant to suggest that a person with an interest in foreclosed property is precluded from seeking redemption after an unsuccessful appeal wherein the underlying foreclosure judgment was affirmed.

---

[8] As quoted in full earlier in this opinion, MCL 211.78k(7) addresses appeals of tax foreclosure judgments.

[9] The current version of MCL 211.78k(7) uses the term "must," 2020 PA 33, while the previous version of the statute used the term "shall," 2016 PA 433; 2006 PA 611.

By way of a simplified hypothetical, we shall initially explain how MCL 211.78k(5), (6), and (7) work together under circumstances in which (1) a judgment of foreclosure is entered against a property owner in a contested case regarding a single parcel; (2) the owner appeals the foreclosure judgment, directly challenging the foreclosure of the subject parcel; (3) the owner perfects the appeal by making a payment to the treasurer in the amount owed on the judgment relative to the parcel; (4) the judgment is affirmed by this Court, and (5) the owner wishes to redeem the property. First, it is important to keep in mind that a foreclosure judgment that is appealed to this Court must be *stayed* until this Court "has reversed, modified, or affirmed that judgment." MCL 211.78k(7). A "stay" is defined as "[t]he postponement or halting of a proceeding, judgment, or the like[,]" or "[a]n order to suspend all or part of a judicial proceeding or a judgment resulting from that proceeding." *Black's Law Dictionary* (7th ed). Under the plain and unambiguous language of MCL 211.78k(7), the owner of an interest in property does not enjoy the benefit of a stay during an appeal unless the parcel covered by a foreclosure judgment is the "subject of that appeal."

Returning to our hypothetical situation in which the property owner has complied with MCL 211.78k(7) and is entitled to a stay, we note that the stay has the effect of postponing or halting the running of the 21-day redemption period. Upon affirmance of the foreclosure judgment and the conclusion of the appellate process, the stay would end, and the 21-day redemption period would resume. The treasurer would be compelled to refund the amount paid to perfect the appeal, MCL 211.78k(7), and the property owner could use the funds to immediately redeem the property or do so within the resumed redemption period. Therefore, there are circumstances in which a person with an interest in property can unsuccessfully appeal a foreclosure judgment pertaining to the property and still redeem the property. And to the extent that the trial court's opinion and order can be construed as suggesting otherwise, it was in error.

Taking these principles and applying them to the case before us is somewhat difficult considering the muddled history of the case. If for now we were to assume that NPC did not redeem the property when it paid $35,436.87 to the Treasurer in August 2015, it would appear at first glance that NPC was entitled to redeem the property when the stay was eventually lifted. The problem is that the stay with respect to the five parcels—to satisfy the demands of MCL 211.78k(7)—must be treated as having ended before this Court's prior opinion was even issued, meaning that the redemption period had long expired.

As quoted earlier, MCL 211.78k(7) provides that "[i]f an appeal . . . stays the circuit court's judgment foreclosing property, the circuit court's judgment is stayed only as to the property that is the subject of that appeal and the circuit court's judgment foreclosing other property that is not the subject of that appeal is not stayed." Although it is true that NPC indicated in its docketing statement that it was appealing the amended judgment of foreclosure with regard to six of the seven parcels, encompassing the five parcels at issue here, NPC ultimately did not challenge the foreclosure of the five parcels in its brief on appeal. In this Court's previous opinion, the panel ruled that NPC "abandoned any argument regarding the[] [five] parcels on appeal . . . because its focus is only on" a separate and distinct parcel. *Berrien Co Treasurer*, 323 Mich App at 611 n 5. Moreover, under MCL 211.78k(7), a stay is only to run until the appellate process is concluded, and the Supreme Court denied leave on NPC's application on May 22, 2019. Still, NPC made no attempt at redemption within 21 days. Accordingly, while there are circumstances in which a person holding an interest in property can appeal a foreclosure judgment, lose the appeal, and then

redeem the property, the facts in the instant case do not present such circumstances. We must now address NPC's argument that it redeemed the five parcels when it made the $35,436.87 payment to the Treasurer in August 2015.

We cannot conclude that the trial court erred by finding that the payment of $35,436.87 to the Treasurer was solely to perfect the appeal and not to redeem the five parcels. Had it truly been a payment to redeem the five parcels, in which case NPC would have taken fee ownership of the property and the matter would have ended, NPC would not have stated in its associated correspondence to the Treasurer that it reserved the right to appeal and that any refund would be payable to NPC. Furthermore, NPC indicated to this Court in its docketing statement, which was filed after the payment was made, that it was appealing the foreclosure judgment in regard to the five parcels. We do not construe MCL 211.78k to allow a party who redeems foreclosed property to then proceed to challenge the foreclosure judgment. There can be no reasonable dispute that at the time the $35,436.87 payment was made to the Treasurer in August 2015, NPC was not redeeming the five parcels.

With respect to NPC's argument that the $35,436.87 payment constituted a redemption of the five parcels under the law-of-the-case doctrine in light of this Court's previous opinion, we reject it. In *Grievance Administrator v Lopatin*, 462 Mich 235, 259-260; 612 NW2d 120 (2000), our Supreme Court explained the nature of the doctrine:

> Under the law of the case doctrine, if an appellate court has *passed on a legal question* and remanded the case for further proceedings, the legal questions thus determined by the appellate court will not be differently determined on a subsequent appeal in the same case where the facts remain materially the same. The appellate court's decision likewise binds lower tribunals because the tribunal may not take action on remand that is inconsistent with the judgment of the appellate court. Thus, as a general rule, an appellate court's *determination of an issue* in a case binds lower tribunals on remand and the appellate court in subsequent appeals. [Quotation marks and citations omitted; emphasis added.]

The earlier appeal simply did not address an issue or a question regarding whether the $35,436.87 payment was to redeem the five parcels. Rather, this Court merely characterized the payment as a redemption in reviewing the history of the case before focusing on the actual issue presented to the Court, which concerned a parcel other than the five parcels in dispute in this case. The panel did not pass on a legal question with respect to perfection versus redemption in regard to the payment of $35,436.87. Accordingly, the law-of-the-case doctrine did not mandate that the trial court treat the payment as one to redeem the five parcels.

With respect to NPC's contention that this Court did not "affirm" the amended judgment of foreclosure, we agree with the trial court's determination that the dismissal for lack of jurisdiction effectively affirmed the judgment, triggering the refund and stay-lifting language of MCL 211.78k(7). See Michigan Pleading and Practice, § 56:39 ("Dismissal of an appeal leaves the judgment or other determination appealed from operative and conclusive, and in practical effect constitutes an affirmance of the determination appealed from, although it does not necessarily preclude a new appeal.") (footnotes omitted). To rule otherwise would require that the stay remain in effect in perpetuity, which plainly was not the intent of the Legislature. There is an

additional reason to reject NPC's argument: NPC appears to be arguing that because there was no affirmance, the trial court could not lift the stay; the Treasurer could not refund the money, and the funds thus had to be and could be treated as a redemption payment for the five parcels. But this argument fails because of our earlier reasoning that the stay relative to the five parcels necessarily ended when NPC did not ultimately raise an appellate challenge to the foreclosure of those parcels.

Finally, with respect to NPC's equitable estoppel argument, this Court in *West American Ins Co v Meridian Mut Ins Co*, 230 Mich App 305, 309-310; 583 NW2d 548 (1998), described the doctrine of equitable estoppel:

> Equitable estoppel is not an independent cause of action, but rather a doctrine that may assist a party by preventing the opposing party from asserting or denying the existence of a particular fact. Equitable estoppel may arise where (1) a party, by representations, admissions, or silence intentionally or negligently induces another party to believe facts, (2) the other party justifiably relies and acts on that belief, and (3) the other party is prejudiced if the first party is allowed to deny the existence of those facts. Silence or inaction may form the basis for an equitable estoppel only where the silent party had a duty or obligation to speak or take action. [Citations omitted]

The doctrine has no application in this case. NPC's theory is that the Treasurer's acceptance of tax payments for the five parcels during the litigation induced NPC to believe that the Treasurer had accepted NPC as having redeemed the five parcels; therefore, the Treasurer could not deny that redemption had occurred. We find this proposition greatly lacking in merit. NPC did not redeem the five parcels. The mere fact that the Treasurer accepted tax payments for the parcels during the appellate litigation and before title vested with anyone in no way justified NPC's concluding that the Treasurer was conceding that NPC had, in fact, redeemed the five parcels. And this conclusion is assuming that the Treasurer even had the authority to reject NPC's tax payments, which NPC was clearly making in an effort to protect its mortgagee interest in the parcels.

We affirm. Having fully prevailed on appeal, the Treasurer may tax costs under MCR 7.219.

/s/ Jane E. Markey
/s/ Michael F. Gadola
/s/ Christopher M. Murray